RAWLS, Acting Chief Judge.
Appellant, a public officer, appeals from a conviction of accepting a bribe. Appellant’s primary point on appeal involves a tape recording which he contends should not have been admitted into evidence. Appellant further contends that the trial court erred in admitting certain impeachment testimony into evidence and erred in refusing to grant a defense motion for production of Grand Jury proceedings.
The basic evidence adduced by the State is as follows: During 1968 an extensive Bolita operation was being conducted in St. Johns County. Numerous persons were involved in this illegal activity including one Warnock Tedder, the primary witness against appellant, who was granted immunity from prosecution by the State. Ted-der was in charge of the “day house” and had numerous persons working under him who collected the bets and kept the records. During this period of time Ted-der testified that he paid appellant $50 per week to be allowed to uninterruptedly conduct these activities. Sometime during 1969 another member of the gambling operation died and Tedder began running both the “day house” and the “night house.” He testified that at this time payments to appellant increased to $250 twice a month. Payments were supposedly made at various places including one payment made at Tedder’s home by his wife. On April 17, 1970, Tedder was arrested for conducting an illegal gambling operation. Three days later a recording device was placed on the phone in the Tedder home with his permission. Tedder was left alone to operate the recording device and record relevant incoming calls. The controverted evidence consists of one phone call, purportedly made by appellant to Ted-der at approximately 7:00 p. m. that same evening, which was recorded by Tedder. Apparently, something was wrong with the recording device and a great deal of “background noise” can be heard on the tape obliterating much of the conversation. Although the State made several copies of the tape attempting to filter out the background noise, only the original recording was admitted into evidence. Appellant contends that the recording was so inaudible, defective, and distorted that it should not have been allowed into evidence. We agree and reverse.
*231 This Court subsequent to oral argument in this case listened to the controverted tape played by the same officer who operated the recorder during the trial. It is our unanimous conclusion that the quality of the recording is so defective as to make the conversation unintelligible. At first blush, we questioned how a recording so unintelligible could have been detrimental to appellant. We concluded, however, that individual jurors might have speculated upon the various isolated portions of the recording which could be understood. Such speculation cannot be a basis for conviction. The recording was of such poor quality that it was reversible error for the trial judge to allow the recording to be heard by the jury. Because of the foregoing conclusion, it is unnecessary to consider the other points raised in this appeal.
Reversed and remanded with directions to grant a new trial.
JOHNSON, J., and McLANE, RALPH M., Associate Judge, concur.