429 So.2d 808 (1983)
Robert SPRINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1567.
District Court of Appeal of Florida, Fourth District.
April 13, 1983.
Rehearing Denied May 4, 1983.
Richard L. Jorandby, Public Defender, Louis G. Carres, Asst. Public Defender, and Ernest Blair, Legal Intern, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
Appellant was charged with and convicted of trafficking in cannabis in excess of 100 pounds but less than 2,000 pounds. He was sentenced to five years' imprisonment with a three-year mandatory minimum, and ordered to pay a $25,000 fine. Appellant raises four points on appeal all revolving around the admission of audio and video tapes of an undercover sting operation. We find one of appellant's arguments to be meritorious and reverse for a new trial.
Appellant contends that the trial court erred in failing to suppress the audio and video tapes in view of their inaudibility. He objected to the tapes and moved for a mistrial based on their total inaudibility. Appellant relies on the case of Carter v. State, 254 So.2d 230 (Fla. 1st DCA 1971), in seeking a new trial. In that case, the First District determined that the trial court erred in allowing the jury to hear a tape recording of such poor quality that it was unintelligible because the jurors might have speculated upon various isolated portions which could be heard. The State places its reliance on the case of Gomien v. State, 172 So.2d 511 (Fla. 3d DCA 1965), which held that a recording should not be wholly inadmissible because portions of the recording are unclear. According to the Third District, "a partial incompleteness of a recording may be used by the defense as a factor to be considered by the jury when determining the value to place on the recording." At 515. We distinguish Gomien because that case deals with a "partial incompleteness of a recording." This case seems to fall within the purview of Carter as we are faced with almost total inaudibility. Further, the tapes were a major part of the State's case as presented to the jury.
We note in reading the trial transcript that each time a tape was played, the court reporter sitting three feet away from the tape placed a comment in the transcript *809 to the effect that the tape was inaudible. Unfortunately, the reporter never brought the inaudibility of the tapes to the court's attention as they were being played so we are left with no transcript. It was incumbent upon the reporter to inform the court of his inability to transcribe the tapes at the time the tapes were played. We do, however, find it significant that the reporter was three feet from the tape recorder and could not understand the tape. Our ruling goes only to the audio tapes and not to the video tapes. Appellant has not complained of the clarity of the video tapes which may be relevant independent of the audio portion. We, therefore, reverse and remand for a new trial at which the trial court may consider again whether the voice recordings are capable of being understood by the jury. If they are substantially audible, they are admissible.
REVERSED AND REMANDED.
HERSEY and GLICKSTEIN, JJ., concur.