468 So.2d 1011 (1985)
Ronald MATHESON, Appellant,
v.
STATE of Florida, Appellee.
Timothy Michael JOYCE, Appellant,
v.
State of Florida, Appellee.
Nos. 83-226, 83-327.
District Court of Appeal of Florida, Fourth District.
April 10, 1985.
Rehearing, Rehearing, and Certification of Question of Great Public Importance Denied June 6, 1985.
*1012 Mark King Leban of Law Offices of Mark King Leban, P.A., and Ronald C. Dresnick of Bailey, Gerstein, Raskin & Dresnick, Miami, for appellant-Ronald Matheson.
Milton M. Ferrell, Jr., of Ferrell & Ferrell, Miami, for appellant-Timothy Michael Joyce.
Jim Smith, Atty. Gen., Tallahassee, and Sarah B. Mayer and Max Rudmann, Asst. Attys. Gen., West Palm Beach, for appellee.
Rehearing, Rehearing En Banc, and Certification of Question of Great Public Importance Denied June 6, 1985.
HURLEY, Judge.
The record in this consolidated appeal[1] contains substantial, competent evidence to support defendants' convictions for conspiracy to traffic in cannabis[2] and carrying a concealed firearm.[3] Thus, we are left to decide whether any one of several errors claimed in the proceeding requires reversal. Upon review, we conclude that they are either harmless or without merit. Consequently, we affirm.
Although the defendants assert a host of errors, only a few require discussion. The first concerns an alleged discovery violation. It stems from a motel room meeting between an undercover officer and the defendants. The officer was outfitted with a Unitel transmitter which enabled a second officer, outside the room, to record part of the meeting. After the defendants had been arrested and charged, they requested discovery under rule 3.220, Fla.R.Crim.P. The state filed a response indicating that the defendants had given oral statements and that a "Unitel" monitor had been used. In addition, the state provided a duplicate copy of the tape recording to defense counsel.
After listening to the tape, defendant Matheson's attorney sent the following letter to the prosecutor.
I am in receipt of one tape which purports to be the copy of the unitel recording of the transaction involving the defendants in this cause. My tape is recorded only on one side. I mentioned that because the tape ends at a point in time which is obviously not the end of the unitel transmission or recording. Consequently I am lead [sic] to believe that there may be another tape which I have not received. Will you please advise whether there is another tape?
Defendant Joyce's attorney sent a similar letter. Neither was answered.
At trial the officer who had been responsible for recording the meeting testified before the undercover officer. [The significance of the order of witnesses will be apparent in a moment.] The "recording officer" stated that the motel room meeting had lasted for an hour and ten minutes, *1013 but the tape contained only a half-hour of conversation. This discrepancy resulted from the officer's unfamiliarity with the tape recorder and his failure to switch tapes when the first ran out. On cross-examination, the recording officer admitted that, at his pre-trial deposition, he had testified that the tape was complete. Only later did he realize the error, but he did not communicate further with defense counsel. The record also discloses that the prosecutor became aware of the problem with the tape sometime after a pre-trial hearing on the defendant's motion to suppress the tape. However, he did not convey this information to defense counsel.
Defense counsel moved for a mistrial at the conclusion of the recording officer's testimony. Counsel argued that the prosecutor's failure to notify the defense that the tape did not reflect the entire meeting constituted a discovery violation. The trial court denied the motion for mistrial without conducting a full Richardson hearing.[4] Thereupon, the state called the undercover officer as its next witness. He recounted the meeting in detail and ascribed several incriminating statements to each defendant. His testimony was received without objection predicated on an alleged discovery violation.
Defendants now contend that the trial court committed reversible error by failing to conduct a Richardson hearing before ruling on the motion for mistrial. The underlying assertion is that the prosecutor violated his duty to provide continuing discovery when he failed to apprise defense counsel that the tape did not cover the entire meeting. To evaluate this contention, we turn to rule 3.220, Fla.R. Crim.P., which governs discovery in criminal cases. Subsection (a)(1)(viii) requires the prosecutor to disclose "[w]hether there has been any electronic surveillance ... of the premises of the accused, or of conversations to which the accused was a party... ." Additionally, the rule requires that defense counsel be permitted to inspect and copy the recorded conversations. The state fulfilled its obligation under this subsection of the rule by providing defense counsel with a duplicate copy of the tape. Nothing more was required.
At the risk of being repetitive, we emphasize the restrictive nature of our holding. Rule 3.220(a)(1)(viii), Fla.R.Crim.P., requires the prosecutor to disclose and permit the inspection and copying of all tapes of conversations to which the defendant was a party. By giving up everything it had, the state completely fulfilled its obligation under this subsection of the rule. The discovery rules were drafted to balance the scales, to require disclosure of material not otherwise available to the defense. They were not meant to supplant the defendant's obligation to investigate the case and prepare a defense. "The State has no duty to do for the defense work which the defense can do for itself." State v. Counce, 392 So.2d 1029, 1031 (Fla. 4th DCA 1981). The rules, of course, do impose a continuing duty to disclose, see, e.g., Watson v. State, 291 So.2d 661 (Fla. 4th DCA 1974), but this duty applies only to discoverable material that, for one reason or another, was not disclosed earlier. Thus, under subsection (a)(1)(viii), the prosecutor was not obligated to disclose that which was self-evident, that the tape did not record the entire meeting.
We recognize that a finding of compliance with one subsection does not infer compliance with other parts of the rule. For example, subsection (a)(1)(iii) requires the prosecutor to disclose "[a]ny written or recorded statements and the substance of any oral statements made by the accused... ." If the undercover officer, who had been present at the motel room meeting, attempted to testify at trial about defendants' statements, which were not on the tape and which had not been otherwise disclosed to the defense, there would have been a discovery violation. And, upon *1014 proper and timely objection, the trial court would have been required to conduct a Richardson hearing. As indicated, however, the defendants did not interpose a discovery objection to any portion of the undercover officer's testimony. Thus, we have not been presented with, and do not reach, the question of whether the state satisfied its obligation under rule 3.220(a)(1)(iii), Fla.R.Crim.P.
Finally, we conclude that the trial court did not abuse its discretion in admitting into evidence the tape of the motel room meeting, even though the tape was partially inaudible or unintelligible. See Odom v. State, 403 So.2d 936 (Fla. 1981), cert. denied, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982); Stanley v. State, 451 So.2d 897 (Fla. 4th DCA 1984). Also, we find no abuse of discretion in the trial court's denial of the defendant Joyce's motion for severance. See Tifford v. State, 334 So.2d 91 (Fla. 3d DCA 1976), cert. denied, 344 So.2d 327 (Fla. 1977). Accordingly, defendants convictions and sentences are
AFFIRMED.
ANSTEAD, C.J., and GREEN, OLIVER L., JR., Associate Judge, concur.
NOTES
[1] Initially, we consolidated for record purposes only; we now consolidate for disposition as well.
[2] § 893.135(1)(a)(1), Fla. Stat. (1983); § 777.04(3), Fla. Stat. (1983).
[3] § 790.01(2), Fla. Stat. (1983).
[4] Richardson v. State, 246 So.2d 771 (Fla. 1971); see generally Donahue v. State, 464 So.2d 609 (Fla. 4th DCA 1985).