494 So.2d 496 (1986)
Jorge Alberto RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1957.
District Court of Appeal of Florida, Fourth District.
June 4, 1986.
Rehearing Denied October 15, 1986.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is a timely appeal from a judgment of conviction and sentence of fifteen years' imprisonment for the offense of trafficking in cocaine in violation of section 893.135(1)(b), Florida Statutes (1985). Appellant contends that the trial court erred in (1) denying his motion to suppress, and (2) denying his motion for mistrial after the state elicited and made comments on appellant's post-arrest and post-Miranda silence.
Appellant, Rodriguez, was seated in a Trailway bus parked in the Fort Lauderdale bus station where he was approached by two uniformed Broward County Sheriff's deputies (Nutt and Rubino). They introduced themselves and asked Rodriguez if he was willing to answer some questions. After some preliminary questioning, the officers testified Rodriguez consented to a search of his tote bag situated in the overhead rack. Therein, Deputy Nutt found a kilogram of cocaine. Rodriguez' motion to suppress the cocaine was denied.
*497 At trial, during recross-examination of Deputy Nutt, defense counsel asked the following question:
DEFENSE COUNSEL: Let me ask you this: After you placed him under arrest, did you take a sworn, taped statement from him?
NUTT: No, I didn't.
DEFENSE COUNSEL: Did you do any follow up investigation?
NUTT: No, I didn't.
DEFENSE COUNSEL: You just arrested him with a kilogram of cocaine and did nothing to follow up on him?
NUTT: It is not part of my duties to follow it up. It was  if the street unit can possibly do something, they may do it. But as far as I know, nothing was followed up on in this case.
On the basis of this questioning, the state moved in limine to question Nutt about appellant's post-arrest and post-Miranda reactions. The trial court allowed this questioning on the ground that the defense raised the issue during the above recross-examination of Nutt. The defense objected and moved for a mistrial, which was denied.
On the basis of the court's in limine ruling the state elicited the following testimony from Nutt, Rubino and Rodriguez:
STATE: From the point in time that you found the kilogram of cocaine to the point in time you read Miranda rights when you were off the bus, did Mr. Rodriguez say anything?
NUTT: No.
STATE: Did you read him his Miranda rights off of a card?
NUTT: Yes, I did.
... .
STATE: When you asked him if he'd like to give a statement, did he say anything?
NUTT: No.
... .
STATE: After the cocaine was found on the bus, did Rodriguez say anything on the bus?
RUBINO: No.
STATE: What happened next?
RUBINO: He was taken off the bus at that time.
STATE: When he got off the bus, were you present when Detective Nutt read him his Miranda rights?
RUBINO: Yes, Yes, I was.
STATE: What was the last thing in the Miranda rights that Joe Nutt said to Mr. Rodriguez?
RUBINO: May I phrase it off the card?
STATE: Yes.
RUBINO: Do you wish to speak with us at this time?
STATE: After Mr. Rodriguez was asked that, did he say anything?
RUBINO: He said, "no".
... .
STATE: And you said nothing; is that correct?
APPELLANT: (Through the Interpreter) No.
During closing argument the state capitalized on the foregoing comments about Rodriguez' silence after arrest and argued:
He made it [the defense theory that someone must have put the cocaine in his bag] up in court for you. Did he tell that to the police officers? No, he didn't. Think about this in the light of common sense. Is Mr. Rodriguez the innocent man sitting on a bus and the police officers search his bag and they pull out of his bag in front of him a kilogram of cocaine and they say to him, "Mr. Rodriguez, you are under arrest for this cocaine", and what does Mr. Rodriguez, the innocent man do or say? Nothing, not a thing. Not a thing. Well, Mr. Rodriguez may not speak much English, but he knows how to say, "It is not my cocaine. I didn't know anything about it. It's a surprise to me." He could have registered some surprise on his face, some reaction. There was none. He said absolutely nothing. Can you imagine an innocent man who is surprised by this cocaine and placed under arrest and taken to the station, he doesn't say a word? Can you imagine that? Is that reasonable? If he had really not known *498 about that cocaine, wouldn't he have said something? Wouldn't he have said to the police, "You got the wrong man. I don't know anything about it?" But he didn't. Why didn't he? Because he couldn't think up this ridiculous story that fast. He was caught red-handed and he had no explanation.
We have considered both of Rodriguez' appellate points and find no merit to his contention relating to the order denying suppression of the cocaine. However, we are persuaded that the trial court erred in finding that defense counsel "invited" the comments on Rodriguez' silence by the questions proposed to Deputy Nutt and Rubino which are set forth above. On the contrary, we believe that innocuous colloquy falls far short of justification for launching into an exposure of Rodriguez' post-arrest silence.
The heart of Rodriguez' defense was that someone had slipped the cocaine into his bag unknown to him. Thus, the discussion of his failure to protest his innocence on the scene; to state, "It is not my cocaine. I didn't know anything about it. It's a surprise to me," as the prosecutor charges was his duty, takes on serious proportions. The prejudice is apparent and cannot be vitiated on the basis of harmless error.
In addition to its "invited error" argument, the state contends there is a waiver here because Rodriguez did not object to Rubino's testimony, nor did he object to the prosecutor's closing argument. However, the first witness to broach this subject was Deputy Nutt and Rodriguez did object to his testimony regarding Rodriguez' silence.
Having already sustained an adverse ruling on his objection to Nutt's testimony, Rubino's corroborating testimony was received without objection and no objection was made to the state's argument set forth here. It seems to us Rodriguez had made his point. The trial court overruled his objection and thus to continue fruitlessly objecting to the line of interrogation and argument thereon would seem just that ... fruitless. Cf. Simpson v. State, 418 So.2d 984 (Fla. 1982). Accordingly, we hold that evidence adduced regarding Rodriguez' post-arrest silence was impermissible and constituted reversible error. We therefore reverse the judgment appealed from and remand for new trial.
DOWNEY and DELL, JJ., and RIVKIND, LEONARD, Associate Judge, concur.