500 So.2d 1341 (1987)
Ronald MATHESON, Petitioner,
v.
STATE of Florida, Respondent, Timothy Michael Joyce, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 67331, 67330.
Supreme Court of Florida.
January 8, 1987.
Mark King Leban of the Law Offices of Mark King Leban, P.A., Miami, and Ronald C. Dresnick of Bailey, Gerstein, Rashkind and Dresnick, P.A., Miami, and Milton M. Ferrell, Jr., Miami, for petitioners.
*1342 Robert A. Butterworth, Jr., Atty. Gen., and Sarah B. Mayer Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
We accepted jurisdiction of Matheson v. State, 468 So.2d 1011 (Fla. 4th DCA 1985), pursuant to article V, section 3(b)(3), Florida Constitution, on the basis of conflict with, inter alia, Spurlock v. State, 420 So.2d 875 (Fla. 1982); Thomas v. State, 419 So.2d 634 (Fla. 1982); Castor v. State, 365 So.2d 701 (Fla. 1978); Cumbie v. State, 345 So.2d 1061 (Fla. 1977); and Richardson v. State, 246 So.2d 771 (Fla. 1971). Having considered the petitioners' arguments and reviewed the record in these consolidated cases, it is clear that there is no express and direct conflict between the opinion under review and the cases asserted as creating conflict jurisdiction.
Petitioners Matheson and Joyce were convicted of conspiring to traffic in cannabis and carrying a concealed firearm. In response to their pre-trial requests for discovery pursuant to Florida Rule of Criminal Procedure 3.220, the state provided a duplicate copy of a tape recording one-half hour in length which contained incriminating statements made by the petitioners during a one hour and ten minute motel-room meeting with an undercover officer. The recording officer stated prior to trial that the tape was complete. In point of fact, it was clear from the tape itself that it ended in mid-conversation. Counsel for Joyce and counsel for Matheson each sent a letter to the prosecutor inquiring as to the existence of a second tape. The state failed to respond notwithstanding the prosecutor's knowledge that the tape was incomplete. The defense did not pursue the matter through a motion to compel or any other means. The recording officer testified at trial that, due to operational error, the tape contained only one-half hour of the one hour and ten minute meeting. Defense counsel moved for a mistrial based on the state's failure to inform the defense that the tape was incomplete. After extensive argument regarding the admissibility of the tape, the trial court denied the motion. No Richardson hearing was held. The undercover officer then testified as to the events occurring and the statements made during the motel-room meeting. No specific objection was made as to the admissibility of this testimony on the ground of failure to disclose these statements.
The district court found that rule 3.220(a)(1)(viii) requires the prosecutor to disclose "[w]hether there has been any electronic surveillance ... of the premises of the accused, or of conversations to which the accused was a party" and, in addition, to permit inspection and copying of any recorded conversations. The court found no duty to disclose what was self-evident from the tape itself; that it ended in mid-conversation, that it was only one-half hour in length, and that, therefore, it could not be a complete recording of the one hour and ten minute meeting. The court concluded that since no discovery violation had occurred, no Richardson hearing was required. We agree. The state provided a copy of the tape to the defense, thus fulfilling its obligation under rule 3.220(a)(1)(viii).
Petitioners now claim that the substance of statements missing from the tape and subsequently admitted into evidence through the undercover officer's testimony was never disclosed to the defense. The district court found that this alleged discovery violation was not raised at trial and has, therefore, been waived. As the court noted:

If the undercover officer, who had been present at the motel room meeting, attempted to testify at trial about defendants' statements, which were not on the tape and which had not been otherwise disclosed to the defense, there would have been a discovery violation. And, upon proper and timely objection, the trial court would have been required to conduct a Richardson hearing. As indicated, however, the defendants did not interpose a discovery objection to any portion of the undercover officer's testimony. Thus, we have not been presented *1343 with, and do not reach, the question of whether the state satisfied its obligation under rule 3.220(a)(1)(iii), Fla.R.Crim.P.
468 So.2d at 1013-14, (emphasis added).
Petitioners argue that the district court's opinion conflicts, inter alia, with Spurlock, Thomas, and Castor which hold that, as long as the court is sufficiently apprised of the nature of the party's challenge, it is unnecessary to voice the magic words, "I object," in order to preserve an issue for appellate review. Petitioners assert that, from their arguments at trial regarding the tape's admissibility, the trial judge was aware of their claim that the state never disclosed, through any other source, the substance of the statements missing from the tape. The record does not support this assertion. Instead, it shows that counsel for Matheson objected to the admission of the tape on the ground of unreliability in that a proper chain of custody had not been established. Counsel for Joyce argued that the best evidence rule required admission of the tape and exclusion of the undercover officer's testimony regarding the meeting. Joyce later argued that testimony based on the tape should be stricken on the ground that the tape had been altered. It was also argued that the state violated its continuing duty of disclosure by failing to inform the defense that discrepancies existed between the officer's pre-trial sworn statements and the tape. Never, however, did the petitioners claim at trial that they were not informed of the substance of their statements. The trial judge, therefore, was unaware of any need for a Richardson hearing on this possible discovery violation and had no opportunity to conduct one. Accordingly, no conflict exists between the instant case and any of the cases cited for conflict.
Absent conflict, we find that we do not have jurisdiction and, accordingly, dismiss the petition to invoke the discretionary jurisdiction of this Court.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
ADKINS, J., dissents.