518 So.2d 1389 (1988)
Allan G. STARR, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-2103.
District Court of Appeal of Florida, Fourth District.
February 3, 1988.
Mark King Leban of Law Offices of Mark King Leban, P.A., and Terrence J. McWilliams, Miami, for appellant.
*1390 Robert A. Butterworth, Atty. Gen., Tallahassee, and Deborah Guller, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant, Starr, was charged with trafficking in cocaine by being in actual or constructive possession of more than twenty-eight grams thereof. After denial of a motion to suppress physical evidence and oral statements the case was tried to a jury and appellant was convicted as charged and sentenced to three and one-half years' imprisonment and fined $50,000.
As a result of a controlled buy at an apartment by a confidential informant, a warrant was obtained for the search of said apartment. During the execution of the warrant Starr came to the premises, knocked on the door, and was admitted. He was carrying a rolled-up Boat Trader magazine. The police took the magazine from him and it was found to contain a packet of cocaine within its confines. Starr was arrested and taken to the police station where he made several oral statements.
In due course, Starr filed a motion to suppress the physical evidence and statements on the grounds that the affidavit for search warrant was partially false; the warrant was improperly served; the statements were custodial and they were taken without Miranda[1] warnings. Most of the evidence developed at the suppression hearing was in conflict. There were a number of witnesses present during the execution of the warrant, but their observations of Starr's entry to the apartment differed substantially. Some maintained that the Boat Trader magazine was taped on both ends and they could not see anything sticking out of the magazine. Others saw a plastic baggie protruding and still others, predictably the police, saw a protruding baggie with a white powdered substance in it.
There was evidence that Starr made no statement initially at the apartment upon the discovery of the cocaine and his arrest therefor or during his transportation to the police station. One officer testified that he asked Starr, "Did you come alone?" or "Did you drive a car?", to which Starr is alleged to have answered that nobody brought him there. There was also testimony by another officer, Detective Losey, that appellant told him at the police station, while the officer was filling out the arrest form, that he had snagged a pound of cocaine while fishing in the Keys and that he was selling it. Oddly enough, the alleged statement was not included in that arrest report. Starr denied the statement and said he had told the officer that he found the magazine in the bushes outside the apartment. Further, Starr contended that he was never given any Miranda warnings at any time. The closest the state came to contradicting this was through the testimony of one officer who stated that, although he had not administered any warnings, he was sure that someone must have given them because it was standard procedure.
The motion to suppress was denied and the case proceeded to trial, during which the prosecutor presented evidence and commented several times on Starr's failure to tell the police how he came by the magazine with the contraband in it. Starr objected to the admission of the evidence and the prosecutor's arguments on Starr's failure to immediately tell the police how he obtained the magazine with the contraband in it, and moved for mistrial several times without avail.
Furthermore, at trial defense counsel suggested that it was odd that the state never adduced any evidence of Starr's fingerprints on the cocaine baggie. The state's objection was sustained and that poignant question was eliminated from the jury's consideration.
Starr presents four appellate points wherein he contends that the trial court erred in denying his motion to suppress both the physical evidence and his statements, in denying his objections and motions *1391 for mistrial addressed to the prosecutor's comments on his silence and in sustaining the state's objections to Starr's argument regarding the absence of fingerprint evidence.
The prosecutor's comments on Starr's silence and the admission of his statements without Miranda warnings constitute, in our judgment, reversible error. See Hosper v. State, 513 So.2d 234 (Fla. 3d DCA 1987). Starr's defense was that he had come to the apartment to discuss the purchase of some plants and, as he was about to ascend the outside stairway, he discovered the magazine in the bushes beside the stairway, picked it up and carried it into the apartment without knowing that it contained the contraband. In an effort to discredit this story as newly contrived, the state adduced evidence from several witnesses, over objections and motions for mistrial, that Starr never told the witnesses how he came to have possession of the magazine and its contents. Then, during argument the prosecutor again ridiculed Starr's defense by pointing out that logic, human nature and common sense seemed to demand that Starr explain his unique discovery of the contraband when he approached the apartment, yet he never mentioned it to the police.
As this court held in Rodriguez v. State, 494 So.2d 496, 498 (Fla. 4th DCA 1986):
The heart of Rodriguez' defense was that someone had slipped the cocaine into his bag unknown to him. Thus, the discussion of his failure to protest his innocence on the scene; to state, "It is not my cocaine. I didn't know anything about it. It's a surprise to me," as the prosecutor charges was his duty, takes on serious proportions. The prejudice is apparent and cannot be vitiated on the basis of harmless error.
The conclusion is as applicable here as it was in Rodriguez, and the harmless error rule is no more applicable here than there. In State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), the Florida Supreme Court described the test to be utilized in determining whether error is harmless or not. In that regard the court said:
The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
Id. at 1139. We certainly cannot say beyond a reasonable doubt that this error had no affect on the verdict. Nor does the fact that Starr made a subsequent inculpatory statement cure the constitutional error involved. Roban v. State, 384 So.2d 683 (Fla. 4th DCA 1978).
It also appears to us that the alleged statements made to Detectives Lauginger and Losey should have been suppressed because the state failed to prove that Starr had received proper Miranda warnings and that he freely and voluntarily waived his constitutional right to remain silent. Tague v. Louisiana, 444 U.S. 469, 100 S.Ct. 652, 62 L.Ed.2d 622 (1980); Buckhann v. State, 356 So.2d 1327 (Fla. 4th DCA 1978). It is the state's burden to prove that there is no reasonable possibility that the error contributed to the conviction. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Furthermore, the trial court never made any finding of voluntariness with "unmistakable clarity" as required by McDole v. State, 283 So.2d 553 (Fla. 1973), and Danahey v. State, 298 So.2d 444 (Fla. 4th DCA 1974).
Finally, during closing argument, defense counsel pointed out to the jury that *1392 the state failed to prove that the baggie containing the cocaine had any of Starr's fingerprints on it. The trial court sustained the state's objection to these comments and instructed the jury to disregard them. This was clearly error. A reasonable doubt is often created by the lack of evidence of guilt and, thus, comment on the absence of evidence on an issue pointing to guilt is fair and proper comment. Williamson v. State, 459 So.2d 1125 (Fla. 3d DCA 1984).
We have also considered Starr's very considerable attack on the search warrant, its basis and its execution, and find sufficient competent evidence in the record to affirm the trial court's action in upholding the validity of the warrant.
In view of the foregoing, the judgment of conviction and sentence is reversed and the cause is remanded for a new trial.
DELL and STONE, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).