529 So.2d 1213 (1988)
Joseph Bernard EDWARDS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-0974.
District Court of Appeal of Florida, Fourth District.
August 3, 1988.
Rehearing Denied, Certification Denied and Stay Denied September 14, 1988.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John W. Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Chief Justice.
Joseph Bernard Edwards was convicted of armed robbery and aggravated assault. The evidence at trial consisted of positive identification of appellant by the victim and a tape recording, partially inaudible, of appellant's incriminating statement given to the police.
Error is suggested on two grounds: that the tape recording was inadmissible because it had been tampered with and was partially inaudible; and that conviction of the two crimes of armed robbery and aggravated assault, both being based upon the same incident, was improper.
The victim was seated in her automobile in a bank parking lot counting her money preparatory to making a deposit. She saw a man approaching with a gun in his hand and attempted to lock the door but he reached the car before she could do so and opened the car door. The man demanded her money but the victim refused and screamed. He told her to shut up and when she refused he said, "You'd rather be shot?" The man reached in and grabbed her hand, twisted it to release the cash clutched in her fist, took the money and fled.
Appellant was apprehended and gave a lengthy statement which included reference to other crimes. Appellant asserts that the introduction of his taped confession at trial was error because it was tampered with and because it was inaudible. The record reveals that the tape was "tampered" with to the extent that the *1214 police telecommunications division attempted to filter out the extraneous background noise so that appellant could be better heard. It was further "tampered" with in order to delete those portions of the tape in which appellant referred to other crimes committed. It is clear that every attempt was made by the trial court to exclude prejudicial material so as to present a tape which was relevant to the issues before the court.
With regard to the alleged inaudibility of a tape recording, the supreme court noted in Odom v. State, 403 So.2d 936, 940 (Fla. 1981), cert. denied, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982), that "[p]artial inaudibility or unintelligibility is not a ground for excluding a recording if the audible parts are relevant, authenticated, and otherwise properly admissible." See also Matheson v. State, 468 So.2d 1011 (Fla. 4th DCA 1985), dismissed, 500 So.2d 1341 (Fla. 1987); Springer v. State, 429 So.2d 808 (Fla. 4th DCA 1983). When portions of a tape are inaudible, there is a danger that jurors will speculate about the audible portions and come to erroneous conclusions. Springer; Carter v. State, 254 So.2d 230 (Fla. 1st DCA 1971), cert. denied, 257 So.2d 260 (Fla. 1972). This danger is most prevalent in cases where the tape recording is heavily relied on as evidence of the defendant's guilt. For example, in Springer, this court held that the defendant was entitled to a new trial to determine whether the voice recordings, which were a major part of the state's case, were substantially audible and thus admissible.
If, in the present case, the taped confession had been the only evidence of guilt, then the inaudible portions of the tape would take on a greater significance. But here, the victim positively identified appellant at trial as her assailant. See Springer. Cf. Rhames v. State, 473 So.2d 724 (Fla. 1st DCA 1985), rev. denied, 494 So.2d 205 (Fla. 1986). Therefore, we do not agree with appellant's assertion that his conviction rests on the introduction of this tape. The tape played only a supporting role in the state's case and was sufficiently audible to permit its introduction.
Appellant also asserts that the robbery and the aggravated assault were based upon the same underlying act and therefore the trial court erred in convicting appellant of both offenses.
A situation similar to that presented for our review existed in Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988). Wright had robbed a store and pointed a pistol at the clerk in the process. He was convicted of robbery with a firearm and aggravated assault with a deadly weapon. The court, relying on Royal v. State, 490 So.2d 44 (Fla. 1986), reasoned that Wright could not be convicted of both offenses because aggravated assault with a deadly weapon is a necessarily lesser-included offense of robbery with a firearm. Therefore, Wright could not be convicted of both the greater offense and a necessarily lesser-included offense for one criminal act. The court then cited Carawan v. State, 515 So.2d 161 (Fla. 1987), as additional support.
In Carawan, the supreme court held that dual punishments for attempted manslaughter and aggravated battery arising from a single act were impermissible. Said that court: "We emphasize that our holding applies only to separate punishments arising from one act, not one transaction." Id. at 170, n. 8 (emphasis original).
The state asserts that the aggravated assault occurred when the victim looked out her car window and saw appellant approaching her with a gun. The armed robbery presumably occurred when appellant opened the car door and demanded the victim's money. The supreme court in Carawan explained that an act is "a discrete event arising from a single criminal intent." Id. (emphasis added). Appellant's intent was to rob the victim, not to commit aggravated assault.
We conclude that the dual convictions for robbery and aggravated assault arose from a single act and are therefore impermissible. Accordingly, the conviction of the lesser crime, aggravated assault, must be vacated. State v. Barton, 523 So.2d 152 (Fla. 1988). We remand for a recalculation *1215 of the sentence on the robbery conviction without the improper additional conviction.
DELL and WALDEN, JJ., concur.