536 So.2d 391 (1989)
Horace NIXON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2615.
District Court of Appeal of Florida, Fourth District.
January 11, 1989.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Nancy C. Wear and Joni Braunstein, Asst. Attys. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant was convicted of unarmed robbery, resisting arrest with violence, simple battery, and offering to commit lewdness. The charges grew out of a prostitution encounter between appellant, a transvestite, and an undercover police officer named Caudill. After the latter picked up appellant, they drove to a secluded spot where the performance was to take place. According to appellant, after he began performing fellatio on Caudill, Caudill stopped him in the act, pulled a gun, called him a "faggot," and ordered him out of the car. Caudill claimed that no sexual activity occurred and that appellant grabbed his badge case containing some money. He said they struggled while appellant tried to take the case. During the struggle, appellant hit Caudill's hand with his sandal and escaped from the car. A few hours later several officers found appellant asleep in a friend's apartment where they took him into custody.
At trial appellant testified on his own behalf. During cross-examination the prosecutor asked appellant if he told the officers, when they arrested him, that Caudill had pulled a gun on him a few short hours before. Over objection, appellant answered that he did not tell them that. The prosecutor then asked if he told the arresting officers that he had just performed fellatio on Caudill, and he answered no. Later, to effectively drive the point home, the prosecutor, in closing argument, reminded the jury that appellant did not tell *392 his current story to the arresting officers when he had the opportunity.
We hold, in conformity with a long line of authorities, that this cross-examination and closing argument constituted a clear comment upon appellant's initial silence in the face of accusation in violation of his constitutional right to remain silent. Starr v. State, 518 So.2d 1389 (Fla. 4th DCA 1988); Rodriguez v. State, 494 So.2d 496 (Fla. 4th DCA 1986).
In this case, the error in allowing such comment is reversible because the entire case depends upon the jury's perception of the credibility of appellant versus Caudill, the police officer. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), would preclude application of the harmless error rule.
We treat appellant's third point so that, should a new trial result in similar convictions, the trial court will be apprised of our position regarding dual convictions and sentences arising from the single act involved here, i.e., the robbery and the battery occurring in effectuating the robbery. On authority of Carawan v. State, 515 So.2d 161 (Fla. 1987), and Edwards v. State, 529 So.2d 1213 (Fla. 4th DCA 1988), we hold only one conviction and sentence may be imposed.
Accordingly, we reverse the judgment and sentence appealed from and remand the cause for a new trial.
WETHERINGTON, GERALD T., Associate Judge, concurs.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially.
I agree with the analysis and result, and write only to inform readers that before issuing the opinion we confirmed from the records and files in this court that the facts in this case were dissimilar to those in Jones v. State, 528 So.2d 490 (Fla. 4th DCA 1988), and Kotcherha v. State, 534 So.2d 745 (Fla. 4th DCA 1988), wherein the charges arose from a related series of acts, rather than a discrete event arising from a single criminal intent.