545 So.2d 890 (1989)
Earnest TROTMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2991.
District Court of Appeal of Florida, Fourth District.
January 25, 1989.
On Rehearing March 22, 1989.
*891 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Chief Judge.
We reverse one of appellant's two convictions of first-degree burglary and we reverse the sentence and remand for resentencing.
Trotman was charged with and found guilty of two counts of first-degree burglary. One count involved an assault and the other a battery. Regardless, there was but one entry and thus the dual convictions cannot stand. Hawkins v. State, 436 So.2d 44 (Fla. 1983).
The sentence imposed constituted an upward departure from the guidelines' recommended range and consequently was required to be supported by contemporaneous written reasons for departure. State v. Jackson, 478 So.2d 1054 (Fla. 1985), receded from in part on other grounds, Wilkerson v. State, 513 So.2d 664 (Fla. 1987). See also Schmeisser v. State, 527 So.2d 276 (Fla. 4th DCA 1988); State v. Daughtry, 487 So.2d 1184 (Fla. 4th DCA 1986); § 921.001(6), Fla. Stat. (1987); Fla.R. Crim.P. 3.701 b.6. and d.11. There being none, resentencing is required.
By agreement of the parties, we strike the imposition of costs.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
GUNTHER and STONE, JJ., concur.

OPINION ON REHEARING
On motion for rehearing, the state provided this court with written reasons for departure executed by the trial court at sentencing but which were inadvertently not made a part of the record on appeal. We find the written reasons support the departure sentence entered and therefore vacate that portion of our opinion remanding for resentencing on this basis. We do, however, remand for a recalculation of appellant's scoresheet based on one count of first-degree burglary instead of two counts. Edwards v. State, 529 So.2d 1213 (Fla. 4th DCA 1988).