GARRETT, Judge.
We address whether admitting testimony of appellant’s silence after his arrest constituted reversible error.
Appellant objected to the following testimony:
[BY TROOPER BINDER]: ... After all the Defendants had been placed under arrest ..., I had read each one of those — each one of them their rights, asked them if they understood them, made them respond verbally. They all responded verbally that they understand their rights. Mr. Knight and Mr. Jordan really didn’t make any state—
[BY THE PROSECUTOR]: Let — let me ask you, after their rights were read what did you do then?
A. I attempted to question Mr. Knight and Mr. Jordan. They did not seem to want to answer any questions.
In State v. DiGuilio, 491 So.2d 1129 (Fla.1986), Florida courts receded from the per se rule of reversal when there was trial comment on a defendant exercising the right to remain silent. The comment remains constitutional error, but can be determined to be harmless error if the state proves beyond a reasonable doubt the comment did not contribute to the guilty verdict.
We find the State has met its burden.
Appellant testified at trial, but the case did not rest solely on his credibility. Nixon v. State, 536 So.2d 391 (Fla.4th DCA 1989). The testimony of two defense witnesses corroborated appellant’s version of the facts. No one else testified as to the silence, nor did the prosecutor comment on it during closing argument. Starr v. State, 518 So.2d 1389 (Fla.4th DCA 1988). The potential harm of such comment is that the *49 jury might conclude defendant’s trial testimony is a recent fabrication because his version of the facts was not initially told to the investigating officer. Such potential is negated sub judice.
Nevertheless, as conceded by the State, the sentence imposing costs and community service must be vacated. Upon remand, the defendant shall be given the opportunity to be heard as to his ability to pay costs. Shipley v. State, 528 So.2d 902 (Fla.1988); Jenkins v. State, 444 So.2d 947 (Fla.1984). Community service cannot be an alternative to indigent defendants paying costs. § 27.3455, Fla.Stat. (1987).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RESEN-TENCING CONSISTENT HEREWITH.
DOWNEY and POLEN, JJ., concur.