PER CURIAM.
Appellant seeks review of his conviction and sentence for first degree murder and kidnapping. We affirm all three points on appeal.
Appellant and three codefendants were charged with first degree murder and kidnapping in the death of Kenneth Beaty. The evidence showed that Beaty was subjected to continuous beatings until unconscious. The beatings were in retaliation for the alleged theft of stereo equipment from two of appellant’s codefendants. Appellant, codefendant Kevin Byrnes and the other codefendants subsequently agreed to take Beaty out to the Everglades. Beaty was then beaten with golf clubs, placed and left in the trunk of a ear for an hour, beaten over the head with a bumper jack, hit with a hammer, tied up with an extension cord and had his throat cut. Beaty’s body was then disposed of in a canal. During trial and over defense objection, the trial judge admitted Byrnes’ prior consistent police statement. Appellant argues that the admission of Byrnes’ taped statement violates the rule that a witness’ testimony cannot be corroborated by his own prior consistent statement.
Generally, a witness’ testimony may not be corroborated by his own prior consistent statement. Jackson v. State, 498 So.2d 906 (Fla.1986). However, section 90.801(2)(b), Florida Statutes (1987), contains an exception to the general rule. In pertinent part that section provides:
(2) A statement is not hearsay if the declarant testifies at trial or hearing and is subject to cross-examination concerning the statement and the statement is:
[[Image here]]
(b) Consistent with his testimony and is offered to rebut an express or implied charge against him of improper influence, motive, or recent fabrication....
See also Gardner v. State, 480 So.2d 91 (Fla.1985).
In the instant case, the record reflects that at the time of his arrest Byrnes had not come forward to police because he was afraid of the electric chair. However, the plea agreement reached with Byrnes occurred after the statement to police. Moreover, there was no evidence presented at trial that Byrnes had been offered any deal at the time of his police statement. We believe no improper motive arose. In the same vein, the admission of the statement did not give significant additional weight to Byrnes’ testimony. Parker v. State, 476 So.2d 134 (Fla.1985). Thus, even if the admission of Byrnes’ prior consistent statement was error we would find it harmless. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
As to appellant's second point on appeal, we find that the trial court conducted an adequate hearing in accordance with Richardson v. State, 246 So.2d 771 (Fla.1971). Finally, we find no error in the trial court’s denial of appellant’s motion for psychiatric examination of a key prosecution witness. Baker v. State, 526 So.2d 202 (Fla. 4th DCA 1988). Accordingly, we affirm appellant’s conviction and sentence as well as all three points on appeal.
STONE and POLEN, JJ., concur.
ANSTEAD, J., concurs specially with opinion.