PER CURIAM.
Andrew Cox- appeals his conviction and sentence for trafficking in marijuana and conspiracy to traffic in marijuana. Appellant raises three issues on appeal. We find merit with two of the points and reverse and remand for a new trial.
At trial and over defense objection, the state introduced several items of evidence which had the plain effect of implying that appellant committed insurance fraud. In addition, the state introduced evidence that appellant had struck a man and his girlfriend during a fight and in another separate unrelated incident had been involved in a stabbing.
*1117 Evidence of other crimes frequently predisposes the minds of jurors to believe the defendant guilty. Straight v. State, 397 So.2d 903 (Fla.), cert. denied, 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981). Furthermore, evidence of collateral crimes are not admissible unless they are closely similar to the crime on trial. Heuring v. State, 513 So.2d 122 (Fla.1987).
In the instant case, the evidence of appellant’s alleged collateral crimes were not relevant to the charges at trial. Thus, admission of this evidencé was impermissible under the rule espoused in Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), and was not harmless error. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). See also Craig v. State, 510 So.2d 857 (Fla. 1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988).
We also reject the state’s contention that appellant did not preserve the admission of the fight evidence for appellate review. The record sufficiently indicates that appellant’s trial counsel made an objection to “any fight” during a side-bar conference with the trial court and the state. Once the trial court found this evidence admissible, any continued or further objections to evidence of the fight would have been fruitless. Rodriguez v. State, 494 So.2d 496 (Fla. 4th DCA 1986).
On the other hand, we find that the trial court’s admission of the prior consistent statements of Jeffrey Stubbs was proper and we affirm that point on appeal. Hutchinson v. State, 559 So.2d 340 (Fla. 4th DCA 1990); Jenkins v. State, 547 So.2d 1017 (Fla. 1st DCA 1989).
Finally, the trial court erred in imposing costs in the amount of $200.00 and a $2500.00 surcharge pursuant to section 960.20, Florida Statutes (1987), without notice to appellant and an opportunity for him to respond and object. Mays v. State, 519 So.2d 618 (Fla.1988); Jenkins v. State, 444 So.2d 947 (Fla.1984).
As to the state’s request that we apply the federal standard enounced in United States v. Cooper, 870 F.2d 586 (11th Cir. 1989); United States v. Rivera-Velez, 839 F.2d 8 (1st Cir.1988); and United States v. Pagan, 785 F.2d 378 (2d Cir.), cert. denied, 479 U.S. 1017,107 S.Ct. 667, 93 L.Ed.2d 719 (1986), concerning the imposition of costs, we have recently certified that question to our supreme court. Beasley v. State, 565 So.2d 721 (Fla. 4th DCA 1990).
Accordingly, we reverse appellant’s conviction and sentence and remand for a new trial. We further reverse the imposition of costs and surcharges imposed. We affirm point II on appeal.
DOWNEY, POLEN and GARRETT, JJ., concur.