PER CURIAM.
Herman Butler was convicted of aggravated battery by causing great bodily injury, the jury specifically finding that the battery was committed with a firearm. Consequently, Butler’s conviction was enhanced because of use of a firearm. Butler was also convicted of possession of a firearm during the commission of a felony based on the same incident. Butler argues, and we agree, that these dual convictions constitute a double jeopardy violation. Therefore, we vacate Butler’s conviction for possession of a firearm during the commission of a felony.
A defendant cannot be convicted both of aggravated battery (enhanced because a firearm was used) and of possession of a firearm during the commission of a felony based on the same incident. See State v. Brown, 633 So.2d 1059 (Fla.1994). In the instant case, Butler received a life sentence for the aggravated battery conviction because he was found to be a violent'career criminal, pursuant to section 775.084(4), Florida Statutes (1997). Further, the judge suspended the sentence on Butler’s possession of a firearm conviction. Thus, the dual convictions on aggravated battery and possession of a firearm did not serve to adversely impact Butler’s sentence. Butler was going to get life in prison based on the aggravated battery charge alone. That does not make the error of the dual convictions harmless, however. The error-a violation of Butler’s protection against double jeopardy-was fundamental error. See State v. Johnson, 483 So.2d 420, 422-23 (Fla.1986). More *152 over, even though the sentence on the possession conviction was suspended, the conviction itself stands and could potentially have an adverse impact on Butler in the future. Therefore, the conviction must be vacated.
We find Butler’s other argument on appeal to be without merit. We hereby vacate Butler’s conviction for possession of a firearm during the commission of a felony, but affirm Butler’s conviction and life sentence for aggravated battery.