PER CURIAM.
The State seeks certiorari review of an order excluding evidence in a criminal proceeding because of an alleged discovery violation. For the reasons that follow, we grant the petition and quash the order.
Defendant is a suspended Miami Beach police officer who was charged in 1997 with racketeering, conspiracy to commit racketeering, and bribery. In May 1997, the State disclosed to the defendant the name of a State witness, Brooks, and the transcript of a recorded conversation between the defendant and Brooks. At the same time, the State provided the defendant with the audiotape of that conversation.
When the audiotape of the Brooks conversation was reviewed by the State Attorney and Brooks, the State Attorney used professional sound equipment that is used in court but is not ordinarily available to the State Attorney for trial preparation. When reviewing the transcript and tape, Brooks crossed out portions of the transcript previously marked “unintelligible’-’ and inserted the words he heard on the tape. That “amended” transcript was provided to defendant on August 4, 2000; defendant moved to prohibit the State from introducing that transcript into evidence.
Before jury selection, the court conducted a Richardson hearing and determined that the late delivery of the amended transcript constituted a discovery violation. Defendant argued that he was prejudiced by the State’s failure to earlier provide the amended transcript. He did not explain how the amended transcript would have altered his trial strategy. Defendant did not suggest that the witness and tape were not available before August 4. The court ruled that the State was precluded from introducing any evidence not disclosed before August 4. The trial court unequivocally told the State that any attempt to produce evidence of any sort not provided before August 4 outside of the original unenhanced transcript, including the tape itself, would result in a mistrial. The State seeks certiorari review.
The trial court departed from the essential requirements of law when it ruled that the State had committed a discovery violation. Neither the original transcript nor the “amended” transcript of the audiotape was evidence. “The transcript of a recorded conversation is not the evidence, but is merely an aid to the jury.” Martinez v. State, 761 So.2d 1074 (Fla.2000); Matheson v. State, 500 So.2d 1341 (Fla.1987). It is the tape itself that is the evidence, see Matheson, 500 So.2d at 1342, and the State provided that tape to the *854 defense over three years ago. Furthermore, not only was there no discovery violation; the defense has demonstrated no prejudice. See Richardson v. State, 246 So.2d 771 (Fla.1971).
Because we conclude that the requirements for certiorari intervention are satisfied, see State v. Cecil, 533 So.2d 884 (Fla. 3d DCA 1988), the order below precluding the State from presenting the witness testimony, audio tape, and transcript in question is quashed.
Rehearing is dispensed with.
CERTIORARI GRANTED.