915 So.2d 636 (2005)
Anthony VALDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-2503.
District Court of Appeal of Florida, Second District.
October 7, 2005.
James Marion Moorman, Public Defender, and Siobhan Helene Shea, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Following his convictions on multiple charges, Anthony Valdez raises seven issues, only one of which has merit. Mr. Valdez contends that double jeopardy protections preclude convictions for both burglary of a dwelling with an assault with a firearm and burglary of a dwelling while armed. The State concedes error, acknowledging that where there is only one entry there can be but one burglary conviction. We agree and reverse the burglary conviction in count four but affirm in all other respects.
In the early morning hours of March 9, 2003, West McCracken, then eighty-three years of age, heard a loud noise and his dogs barking. Concerned that there might be trouble, he went to his bedroom to retrieve his handgun for protection. As he entered the hallway, he was surprised by an intruder armed with a .38 caliber pistol. Mr. McCracken feared for his life when the burglar, Mr. Valdez, aimed the.38 at his forehead. Mr. McCracken had never seen Mr. Valdez before and had not given him permission to enter his home.
*637 While inside the house, Mr. Valdez took Mr. McCracken's gun and some money and demanded, at gunpoint, the keys to Mr. McCracken's truck so that he could return to the Sulphur Springs area of Tampa. Although Mr. McCracken initially refused to give up the keys because he was worried about where Mr. Valdez might leave his truck, he ultimately surrendered the keys and volunteered to go along. Mr. Valdez drove to several locations before stopping in Sulphur Springs and telling Mr. McCracken where he had placed the keys. He then fled on foot after warning his victim not to call the police. Mr. McCracken retrieved the keys, drove to his daughter's home, and called the police.
Mr. Valdez was ultimately apprehended and charged with armed robbery with a firearm, armed carjacking with a firearm, burglary of a dwelling with assault while armed, and armed burglary of a dwelling. He was convicted as charged and sentenced to life in prison for each offense.
All of the crimes Mr. Valdez committed emanated from one entry into the McCracken home. The issue, which we review de novo, is whether the double jeopardy clause prohibits dual burglary convictions in the case of a single entry and a single victim. Our supreme court resolved this question in Hawkins v. State, 436 So.2d 44, 46 (Fla.1983), observing as follows:
Hawkins next contends that he should not have been found guilty of both burglary counts since each count charged the same crime, although one was grounded in an assault committed during the burglary and the other in carrying a deadly weapon. We agree with this assertion and reverse Hawkins' conviction on one charge of burglary because the two counts constituted the same statutory offense under section 810.02, Florida Statutes (1979).
More recently, in McKinney v. State, 860 So.2d 452 (Fla. 1st DCA 2003), the First District reviewed jury verdicts and convictions for both burglary of a dwelling with an assault and for armed burglary of a dwelling and concluded that the dual burglary convictions could not stand because there was only one entry into the dwelling. As acknowledged by the State, this case is indistinguishable on this point from Hawkins and McKinney.
Accordingly, we reverse Mr. Valdez's conviction for burglary with a firearm as alleged in count four and remand for further proceedings consistent with this opinion. We affirm without comment Mr. Valdez's other convictions and sentences in all other respects but note that our disposition in this case renders moot the issue he raised concerning count four of the information.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and KELLY, JJ., concur.