BROWNING, J.
William H. Williams (Appellant) appeals his convictions and sentences for burglary and assault while armed with a knife (Count One) and burglary and battery (Count Two). He contends that the trial court reversibly erred in admitting so-called Williams Rule evidence that allegedly lacked any probative value regarding any fact at issue, and in adjudicating him guilty of two counts of burglary and imposing concurrent terms of life imprisonment, where the amended information alleged only one entry and one victim. We find no abuse of discretion in the court’s admitting relevant “similar fact” evidence to establish a material disputed fact: Appellant’s intent to commit “an offense” when he entered the victim’s enclosed porch on April 21, 2002. See §§ 90.404(2)(a) & 810.02(l)(b), Fla. Stat. (2002); Schwab v. State, 636 So.2d 3 (Fla.1994); Williams v. State, 110 So.2d 654, 659-60 (Fla.1959). As to the second issue, the State concedes (and we agree) that double jeopardy precludes Appellant’s dual convictions and concurrent sentences, where both burglary charges arose from a single entry of the dwelling and involved only one victim. See Hawkins v. State, 436 So.2d 44, 46 (Fla.1983); Valdez v. State, 915 So.2d 636, 637 (Fla. 2d DCA 2005); McKinney v. State, 860 So.2d 452 (Fla. 1st DCA 2003); Docanto v. State, 811 So.2d 790 (Fla. 4th DCA 2002); Trotman v. State, 545 So.2d 890, 891 (Fla. 4th DCA 1989) (holding that defendant could not be convicted of two counts of first-degree burglary, one count based on assault and the other based on burglary, where there was only one entry).
Accordingly, we AFFIRM one conviction and sentence and remand to the trial court with instructions to VACATE the other conviction and sentence.
BARFIELD and THOMAS, JJ., concur.