940 So.2d 1168 (2006)
Anthony Scott GRUBB, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-4668.
District Court of Appeal of Florida, Second District.
September 8, 2006.
*1169 James Marion Moorman, Public Defender, and Pamela H. Izakowitz, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Anthony Grubb seeks review of his convictions and sentences for kidnapping, armed false imprisonment, armed burglary of a dwelling, burglary of a dwelling with an assault or battery, carjacking, and two counts of robbery. Grubb argues that the trial court erred in finding he was a principal to the crimes. Grubb also argues that his two convictions for burglary violate the constitutional prohibition against double jeopardy. We reject Grubb's first argument without discussion. Because Grubb's second argument has merit, we reverse for the court to strike one of his burglary convictions.
Grubb correctly argues that convictions for both armed burglary of a dwelling and burglary of a dwelling with an assault or battery violate the constitutional prohibition against double jeopardy if they are based on a single forced entry. Hawkins v. State, 436 So.2d 44, 46 (Fla. 1983); McKinney v. State, 860 So.2d 452, 452 (Fla. 1st DCA 2003); Docanto v. State, 811 So.2d 790, 790 (Fla. 4th DCA 2002); Trotman v. State, 545 So.2d 890, 891 (Fla. 4th DCA 1989). The State argues that the dual convictions are proper because they involve two victims. We reject this argument because it is the number of forced entries that triggers the burglary charges, not the number of victims. To the extent that our previous decisions in Chambers v. State, 924 So.2d 975, 976 (Fla. 2d DCA 2006), and Valdez v. State, 915 So.2d 636, 637 (Fla. 2d DCA 2005), might be construed to imply that dual burglary convictions do not violate the prohibition against double jeopardy when there is a single forced entry but multiple victims, we note that those cases did not involve multiple *1170 victims. Thus, any such language is, at best, dicta. We also reject the State's argument that the double jeopardy violation constitutes harmless error. See Butler v. State, 760 So.2d 151, 151-52 (Fla. 3d DCA 1999).
Because Grubb's convictions for armed burglary of a dwelling and burglary of a dwelling with an assault or battery constitute double jeopardy, we reverse. On remand, the trial court shall strike one of the two burglary convictions and sentences. We affirm the remainder of Grubb's convictions and sentences.
Affirmed in part, reversed in part, and remanded.
CANADY and LaROSE, JJ., Concur.