968 So.2d 717 (2007)
Robert GORHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-906.
District Court of Appeal of Florida, Fourth District.
December 5, 2007.
*718 Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, and Robert Gorham, Lake City, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR CLARIFICATION
PER CURIAM.
We grant appellant's motion for clarification, withdraw our previous opinion issued on October 10, 2007, and substitute the following in its place.
Appellant, Robert Gorham, appeals his convictions and sentence for two counts of burglary of a conveyance with an assault or battery, aggravated assault with a deadly weapon, and attempted aggravated battery. Because dual convictions for burglary cannot stand where there was but one entry, we reverse one of Gorham's two convictions for burglary of a conveyance with an assault or battery and remand for a recalculation of appellant's scoresheet based on one count of burglary instead of two counts. We affirm in all other respects.
Gorham was charged and found guilty of two counts of burglary of a conveyance with an assault or battery. Gorham's convictions are based on a single entry but involved two different victims. Gorham correctly argues that dual convictions for burglary violate the constitutional prohibition against double jeopardy if they are based on a single entry. Where there is but one entry, dual convictions for burglary cannot stand. Trotman v. State, 545 So.2d 890, 891 (Fla. 4th DCA 1989). It is the number of entries that triggers the burglary charges, not the number of victims. See Grubb v. State, 940 So.2d 1168, 1170 (Fla. 2d DCA 2006). Therefore, because Gorham's dual convictions for burglary of a conveyance with an assault or *719 battery constitute double jeopardy, we reverse and remand for the trial court to vacate one of the two burglary convictions and sentences.
As to Gorham's argument that he was denied effective assistance of counsel guaranteed by the Sixth Amendment because his counsel did not inform him that the State had offered a five-year plea offer, we affirm as the record of the hearing held by the trial court on this issue supports the trial court's finding that Gorham would not have taken the five-year offer had it been conveyed. Cottle v. State, 733 So.2d 963, 966 (Fla.1999)(holding that a claim of ineffective assistance of counsel based on allegations that counsel failed to properly advise the defendant about plea offers by the State must allege the following to make a prima facie case: (1) counsel failed to relay plea offer, (2) defendant would have accepted it, and (3) the plea offer would have resulted in a lesser sentence).
We affirm the other convictions as the issues raised are not errors, and if erroneous, would be harmless error.
Affirmed in part, reversed in part, and remanded.
GUNTHER, WARNER and GROSS, JJ., concur.