**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Alfonso Herrera MARTINEZ, Defendant-Appellant.**

**No. 77–5299**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Jan. 9, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Alan Brown, San Antonio, Tex., for defendant-appellant.

Jamie C. Boyd, U. S. Atty., LeRoy Morgan Jahn, Robert S. Bennett, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

Appellant was convicted following a bench trial of conspiracy to possess heroin with intent to distribute and sentenced to fifteen years imprisonment and a fifteen-year special parole term.

■ The first issue presented on his appeal is whether the district court erred in refusing to suppress a statement made by him after he had requested counsel. After the appellant was arrested and advised of his rights, he stated that he had nothing to say and that he wanted to see his attorney.

Appellant was again advised of his rights when brought into the DEA office. Before appellant was permitted to contact his attorney, he was required to fill out a personal history form and be fingerprinted. While being thus processed, the appellant saw the arresting agent and stared at him. The agent responded by introducing himself and stating that he was only doing his job, adding that a lot of people deal in dope, that some take a long time to get caught, and that appellant's day had come. Appellant nodded and said "Yeah." Appellant contends that if this amounted to a tacit acknowledgment of guilt (which he does not concede) it was inadmissible because elicited after appellant had requested an attorney.

It is apparent that appellant's "yeah," even if construed as an admission of guilt, was not given in response to interrogation. The agent's statements did not call for a response. Appellant's reaction was obviously voluntary and unsolicited.

In *United States v. Menichino*, 497 F.2d 935 (5 Cir. 1974), the defendant, being advised of his rights, asked to call his attorney. He was told he could do so after some biographical data was obtained and he was fingerprinted. In the course of these procedures, the defendant volunteered incriminating statements. This Court enunciated the following standard:

"Incriminating statements elicited by law enforcement officers through questions relating to the criminal activity itself, during an interrogation fairly characterized as custodial and after a refusal to sign a waiver form or a request for counsel, may not be admitted at trial."

497 F.2d at 940–1.

Applying the standard to this case, appellant's remark was not elicited and did not occur during interrogation. Therefore, it was properly admitted. See also, *United States v. McDaniel*, 463 F.2d 129 (5 Cir. 1972), *cert. denied* 413 U.S. 919, 93 S.Ct. 3046, 37 L.Ed.2d 1041.

■ The appellant's second contention is that the trial court erred in refusing to suppress statements made to undercover

agents before he was advised of his rights. The agents had seen appellant meet with one Castro, from whom the agents had set up a purchase of heroin. After following Castro to another location, completing the sale, and arresting him, the agents returned to the place where appellant was seen. The officers told him they had been sent by Castro and asked if he was to get the money and, if so, how much. Appellant said he was to get the money and asked for it. He was then arrested. The appellant contends that the officers interrogated him without advising him of his rights and postponed the arrest until they had elicited the incriminating statements.

In *United States v. Carollo*, 507 F.2d 50 (5 Cir. 1975), *cert. denied* 423 U.S. 874, 96 S.Ct. 143, 46 L.Ed.2d 105, this court listed the significant criteria for determining whether the degree of custody in a given case requires *Miranda* warnings. They are (1) presence of probable cause to arrest, (2) the subjective intent of the police, (3) the subjective belief of the defendant, and (4) the focus of the investigation. In the present case, factors (1) and (3) are clearly absent. The degree of custody did not call for the warnings. In *United States v. Archbold-Newball*, 554 F.2d 665 (5 Cir. 1977), this court, applying *Carollo*, held that undercover agents are not required to give the *Miranda* warnings to suspects, since this would thwart the investigation. In this case, as in *Archbold-Newball*, there was no coercive interrogation. Therefore, these statements were properly admitted.

Finally, the appellant contends that there was insufficient evidence to support his conviction. The contention is, however, meritless and does not require discussion.

AFFIRMED.