UNITED STATES of America,
Plaintiff-Appellee,

v. ·

Joseph Hubert LITTLE, Jr.,
Defendant-Appellant.

No. 80–5869
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

June 8, 1981.

George G. Phillips, Pensacola, Fla., for defendant-appellant.

Thomas R. Santurri, Asst. U. S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before TJOFLAT, VANCE and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

Appellant was convicted in district court of transporting a stolen motor vehicle in interstate commerce. 18 U.S.C. § 2312. On appeal he argues that statements made by him to a federal officer were improperly admitted at trial. We agree.

In July 1980, appellant was apprehended in Pensacola, Florida in a vehicle which was reported to have been stolen in Alabama. Appellant was read his Miranda[1] rights by the Pensacola police and was incarcerated in the city jail.

Approximately forty-five minutes later a special agent of the FBI visited appellant in his cell. The agent had previously interrogated appellant some months earlier in connection with another charge. Upon entering the cell the agent asked appellant whether he wished to speak with him. Appellant replied: "No. I think I'll wait till I talk to my attorney. Then I'll get back with you." Despite appellant's statement, the agent continued the interview, stating "You sure messed up by stealing a truck and bringing it from Alabama to Florida." This comment, according to the agent, drew forth the response, "Well, I needed transportation."

At trial, defense counsel moved to suppress testimony concerning the interview. Although the district judge was at first inclined to exclude the testimony, he was ultimately persuaded by the government that the case was admissible under our holding in United States v. Martinez, 565 F.2d 911 (5th Cir. 1978).

---

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

In *United States v. Priest*, 409 F.2d 491, 493 (5th Cir. 1969) we held: "[T]he suspect has an absolute right to delay interrogation by requesting counsel. If such a request is disregarded and the questioning proceeds, any statement taken thereafter cannot be a result of waiver but must be presumed a product of compulsion, subtle or otherwise." In *Nash v. Estelle*, 597 F.2d 513, 517 (5th Cir.) (en banc), *cert. denied*, 444 U.S. 981, 100 S.Ct. 485, 62 L.Ed.2d 409 (1979) we reaffirmed our holding in *Priest*, stating that "inquiry as to waiver [is barred] when, prior to any questioning, the suspect makes an unequivocal request for an attorney's presence . . . and when the request is disregarded and the questioning proceeds."

In the case at bar, the agent went to appellant's cell to interrogate him. He did not read appellant his *Miranda* rights. Appellant nevertheless unequivocally informed him that he did not wish to be interviewed until he had seen a lawyer. Instead of ending the interview, the agent continued the conversation and discussed the acts for which appellant had been incarcerated. The agent's question was likely to produce precisely the kind of response which it in fact elicited. In any case,

> Under *Miranda*, courts have no reason or mandate to consider whether . . . a law enforcement officer's question was not really a question because, objectively considered, it did not call for a response. . . . [T]his would entail just the kind of difficult and often impossible factual inquiry that the *Miranda* rules purposely preempt. For purposes of *Miranda*, and the accused's Fifth Amendment right not to be compelled to incriminate himself, it is enough to decide that what the officer said could reasonably have had the force of a question on the accused.

*Harryman v. Estelle*, 616 F.2d 870, 874 (5th Cir.) (en banc), *cert. denied*, —— U.S. ——, 101 S.Ct. 161, 66 L.Ed.2d 76 (1980) (footnotes omitted).

Our holdings in *United States v. Priest* and *Nash v. Estelle* thus require that appellant's statements to the agent be excluded.

*United States v. Martinez* presents facts very different from those of the present case. In that case, the defendant had just been given his *Miranda* rights and was being booked when the arresting agent introduced himself. The agent does not appear to have approached defendant with the intention of interrogating him and the defendant did not attempt to end their conversation with an unequivocal request for a lawyer. Indeed, the only remark made by the defendant to the agent was a single "Yeah." A panel of this court obviously regarded the exchange as nothing more than booking room chatter and found that "[a]ppellant's reaction was obviously voluntary and unsolicited." 565 F.2d at 912.

We believe that this case is distinguishable from *Martinez* and that the controlling principles of law are fully stated in our en banc decisions in *Nash* and *Harryman*. Accordingly we reverse and remand.

REVERSED AND REMANDED.