HURLEY, Judge.
Prosecutorial error during cross-examination compels the reversal of defendant’s conviction and sentence.
Defendant was charged with burglary of a conveyance.[1] On direct examination, he admitted to having eight convictions and volunteered that he was on parole. On cross-examination, the prosecutor recovered this ground and then asked, “What were you on parole for?” The defendant responded, “burglary.” Defense counsel did not interpose an immediate objection, but did move for a mistrial a few *148 moments later. In our view, the motion for mistrial was sufficiently timely and specific to preserve the point for appellate review.
It is elemental that “when a defendant admits to prior convictions and accurately states their number, the questioning should cease unless the defendant has opened the door to further inquiry.” Martin v. State, 411 So.2d 987, 989 (Fla. 4th DCA 1982). “[T]he prosecution may not ask further questions regarding prior convictions, and in particular the prosecution may not question the witness as to the nature of the crimes.” Cummings v. State, 412 So.2d 436, 438 (Fla. 4th DCA 1982); see also, Bain v. State, 422 So.2d 962 (Fla. 4th DCA 1982). The fact that the defendant was on trial for burglary only served to compound the prejudicial impact of the improper question and answer. Given these facts, we do not believe that a curative instruction could have remedied the error and, consequently, we hold that it was reversible error not to have granted defendant’s motion for mistrial.
Accordingly, defendant’s conviction and sentence are reversed and the cause is remanded for a new trial.
REVERSED and REMANDED.
LETTS, C.J., and DELL, J., concur.

. § 810.02(1), Fla.Stat. (Supp.1982).