HENDRY, Judge.
David Baldwin appeals his conviction and sentences for armed robbery, possession of a firearm during commission of the robbery,[1] and possession of a firearm by a convicted felon. We affirm as to both issues raised on appeal. First, appellant failed to preserve for review, by a contemporaneous objection and motion for mistrial, an allegedly improper comment by a police officer witness regarding his exercise of his Fifth Amendment right to remain silent following his arrest and Miranda warnings. Clark v. State, 363 So.2d 331 (Fla.1978). The fact that the defendant was allowed to proceed pro se at trial, with counsel appointed to assist him, as needed, does not change this result where the record is clear that the appellant almost immediately objected to the testimony, then withdrew the objection after he had consulted with the assisting attorney. Cf. McClain v. State, 353 So.2d 1215 (Fla. 3d DCA 1977), cert. denied, 367 So.2d 1126 (Fla.1979) (in case where trial judge had not made sufficient inquiry whether defendant’s waiver of counsel was intelligent and competent, improper comment by trial judge during pro se defendant’s closing argument, regarding defendant’s failure to testify, impelled reversal despite absence of objection or motion for mistrial).
Second, it was not a necessary predicate to a valid waiver of counsel that the court inform the defendant at the time he made his waiver that the court might lawfully retain jurisdiction over the first one-third of his sentence. The record demonstrates that the court properly discharged its duty to inform the defendant of the dangers and disadvantages of self-representation, so as to enable him to knowingly and intelligently waive his right to counsel. Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562, 581-82 (1975); Smith v. State, 407 So.2d 894, 900 (Fla.1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2260, 72 L.Ed.2d 864 (1982); Goode v. State, 365 So.2d 381, 384 (Fla.1978), cert. denied, 441 U.S. 967, 99 S.Ct. 2419, 60 L.Ed.2d 1074 (1979).
Affirmed.

. Entry of sentence was suspended on the conviction for possession of a firearm during commission of the robbery.