451 So.2d 897 (1984)
Richard Norman STANLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 83-368.
District Court of Appeal of Florida, Fourth District.
May 30, 1984.
Rehearing Denied July 18, 1984.
*898 Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was convicted of trafficking in marijuana and also convicted, along with others, of conspiring to traffic in marijuana. This same date we have issued an opinion affirming the convictions of several of appellant's codefendants at the conclusion of a joint trial. See Kelly, B. Murphy & W. Murphy v. State, 431 So.2d 896 (Fla. 4th DCA 1984).
As we did in the companion case, we reject appellant's claim of error in the admission of a partially inaudible tape recording on the authority of Odom v. State, 403 So.2d 936 (Fla. 1981). We also reject appellant's claim that the evidence was insufficient to sustain a conviction for trafficking. Stanley was arrested after he closely inspected the marijuana delivered to him in a van and took possession of the keys to the van, but before he left the scene in the van. We think this evidence was sufficient to establish trafficking by constructive possession of the marijuana. Brown v. State, 412 So.2d 420 (Fla. 4th DCA 1982), affirmed, 428 So.2d 250 (Fla. 1983). We also reject appellant's claim that he was only charged with conspiring with undercover police officers, and that since they could not be guilty of the offense, he lacked coconspirators with which to conspire. We believe the information and proof properly linked appellant's involvement with that of his codefendants mentioned above.
Lastly, we find no harmful error in the trial court's allowing the jury to use the state's unadmitted transcript of the tape recording while listening to the tape. See United States v. Onori, 535 F.2d 938 (5th Cir.1976). The record contains two transcripts of the tape recording by the court reporter. The first was made when the court listened to the tape, out of the presence of the jury, to determine audibility; the second, when the tape was played to the jury. A comparison of these transcripts indicates substantial similarity with the state's transcript. We therefore do not believe reversible error has been demonstrated. We caution trial courts in the future, however, not to allow the use of transcripts when tape recordings are admitted into evidence, especially where the contents of the tape recordings are in dispute, as was the case here. Rather, it should be left to the jury to determine what is contained in the tapes without the intervention of a transcriber.
Accordingly, having reviewed the record and finding no reversible error, we affirm appellant's convictions.
ANSTEAD, C.J., and GLICKSTEIN and WALDEN, JJ., concur.