505 So.2d 633 (1987)
David Lee McNICKLES, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-1376.
District Court of Appeal of Florida, Fourth District.
April 15, 1987.
Rehearing Denied May 6, 1987.
*634 Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Amy Lynn Diem, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The defendant was convicted of trafficking in cocaine and possession of marijuana. He appeals the denial of his motion to suppress statements made to the police concerning the drugs.
A trooper stopped the car in which the defendant was a passenger. After conducting a search of the vehicle, the officer discovered cocaine and marijuana. He read the car's occupants their Miranda rights, and questioned them as to who the contraband belonged to. No one would admit to owning the drugs; everyone remained silent when questioned.
Forty-five minutes later, after being transported to a substation, the defendant was given an interview report and asked to review and sign it. The form advised the defendant of his right to remain silent and to talk to an attorney, and stated that the defendant was willing to voluntarily waive these rights. The trooper inquired if defendant had any questions, and after the defendant read and signed the form, proceeded to question him. The defendant admitted that the drugs belonged to him and that he knew of their presence in the car.
The issue on appeal is whether the trooper scrupulously honored the defendant's right to remain silent, which the latter invoked at the time the drugs were discovered by refusing to answer any questions. When a suspect asserts his right to remain silent, the police must immediately cease their questioning, and only resume interrogation after the passage of a significant period of time and the giving of fresh warnings. Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975). Here, the defendant was not reinterrogated until after he had read and signed a waiver of rights form, 45 minutes from the time the initial questioning ceased.
In State v. Isaac, 465 So.2d 1384 (Fla. 2d DCA 1985), the defendant was advised of his Miranda rights upon arrest, and indicated a desire to remain silent. He was taken to a hospital, where an hour and a half later a detective presented him with a Miranda waiver form. The defendant read the form, said he understood it, signed it, and made inculpatory statements to the detective. The court held that the police scrupulously honored the defendant's initial assertion of his right to remain silent, and that the defendant later knowingly and voluntarily waived this right.
Here, the record reveals that the defendant willingly made the incriminating admissions a significant period after he initially asserted his right to remain silent, and that the trooper scrupulously honored that right. Therefore, we find no error by the trial court, and affirm the judgment below.
ANSTEAD, WALDEN and STONE, JJ., concur.