540 So.2d 250 (1989)
Marcus WELLS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0579.
District Court of Appeal of Florida, Fourth District.
March 29, 1989.
*251 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joan Fowler, Asst. Atty. Gen., West Palm Beach, for appellee.
CARNEY, ROBERT B., Associate Judge.
The appellant timely appeals his conviction and sentence for strong-arm robbery. The pertinent facts are not significantly in dispute. Appellant was arrested shortly after being tentatively identified by the victim as the perpetrator of a robbery at a Texaco service station.
At the scene, appellant was read his Miranda rights. Approximately two hours later at the station another officer advised the appellant as follows:
Okay, Marcus, if you would, just try and speak clearly, you have been read your rights and you understand them, correct? Yeah.
The appellant then confessed to the crime.
Although prior to trial appellant moved to suppress his confession, the motion was denied. At the hearing all officers testified unequivocally that the appellant was never questioned at the scene and that he had never asserted his right to remain silent. Following the denial of the motion to suppress, the case proceeded to trial. At trial, however, one of the officers testified concerning the events leading up to appellant's transportation to the police station as follows:
Q. How long was he interrogated before he made a statement?
A. (Officer Minicelli) He wasn't interrogated.
Q. Nobody asked him any questions?
A. He was read his rights and he didn't want to cooperate. He didn't want to discuss the matter. (emphasis added)
Q. Where was he read his rights?
A. At the scene.
Later Officer Minicelli was asked:
Q. Did you know whether or not he was read his rights prior to making the statements?
A. He was read his rights at the scene.
Q. While he was transported, you said at the scene, you said he didn't want to discuss it, correct? (emphasis added)
A. Correct.
After both sides rested, the court recalled Minicelli and examined him as follows:
Q. (by the Court) I want you, to the best of your recollection to tell me what happened when the Defendant was read his rights at that car. Did anybody ask him any questions?
A. I don't believe they did. The only questions that I can even think might *252 have been asked, which is a basic question, is after you were read your rights you are usually asked at this time "do you wish to answer questions in reference to this investigation" as far as specific questions to the crime or anything else.
A. After the Defendant was read his rights what did he say?
A. I really don't recall, I don't remember if he just ignored me at that time and didn't say anything. I really don't remember what his response was.
Minicelli was additionally asked by the prosecuting attorney:
Q. (by the prosecutor) At any time, there at the car, did you transport him to the jail?
A. Yes.
Q. And at any time did he tell you "I want an attorney?"
A. No.
Q. Did he make any request  did he say I'm not going to talk to you unless I get an attorney?
A. No.
Q. So you are not sure whether or not he just ignored you or 
A. I don't remember what his response, if any, was.
Q. If he had requested an attorney would you remember that?
A. I think I would, yes.
The trial court admitted the taped statement of the appellant into evidence along with a transcript of the statement over defense objection.
On appeal, appellant first argues that the trial court improperly admitted his statement. Appellant argues that he had asserted his right to silence at the scene and, without being readvised of his rights, could not be requestioned. Appellant cites Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975), to support his position.
Assuming arguendo that the appellant asserted his right to silence, it is significant that neither appellant nor the state argues that there was any assertion of a right to counsel. The court in United States v. Bosby, 675 F.2d 1174, 1182 (11th Cir.1982), outlines the distinction between assertion of a right to counsel versus assertion of a right to silence:
Upon assertion of his right to counsel, law enforcement officials cannot subject the defendant to further questioning until an attorney has been appointed for him and has been accorded the opportunity to consult. Edwards v. Arizona, 451 U.S. 477, 482, 101 S.Ct. 1880, 1883, 68 L.Ed.2d 378, 386 (1981); See United States v. Little, 647 F.2d 533, 534 (5th Cir.1981). Thus a request for counsel acts as an absolute prohibition on the right of police to initiate questioning until an attorney has been appointed. [footnote omitted] No such proscription upon the right of police to resume questioning exists where a defendant asserts his right to remain silent. Instead, law enforcement officials are required to cease questioning the defendant but may resume the interrogation at some later time. (citations omitted)
While there is no bar to the police reinitiating questioning of the defendant, his right to remain silent must be "scrupulously" honored. Mosley, 423 U.S. at 104, 96 S.Ct. at 327, 46 L.Ed.2d at 321. When the right to remain silent is asserted, the police must immediately cease their questioning and only resume interrogation after the passage of a significant period of time and the giving of fresh warnings. Id.
This court in McNickles v. State, 505 So.2d 633 (Fla. 4th DCA), rev. denied, 515 So.2d 230 (Fla. 1987), found that an interval of forty-five minutes was a significant passage of time. In the instant case, appellant was not questioned at the scene, nor was he questioned during transport. His subsequent statement was taken approximately two hours after his arrest. We find this to be a significant passage of time.
Prior to questioning appellant, the examining officer reminded appellant that his constitutional rights were still in effect and asked him if he understood them. Where the appellant openly acknowledged that he had been advised of his rights and *253 that he understood them, a second detailed recitation of those rights would have been needlessly repetitious. See Biddy v. Diamond, 516 F.2d 118, 122 (5th Cir.1975), cert. denied, 425 U.S. 950, 96 S.Ct. 1724, 48 L.Ed.2d 194 (1976). Thus, appellant's acknowledgment of his rights and his understanding of them is sufficient to constitute a "fresh warning" of his rights. Franklin v. State, 324 So.2d 187 (Fla. 1st DCA 1975).
Appellant next argues that the transcript of his taped statement should not have been admitted as evidence. We agree but find the error to be harmless in this case. In Stanley v. State, 451 So.2d 897 (Fla. 4th DCA 1984), this court cautioned against admission of transcripts when tape recordings are admitted into evidence. Appellant, in this case, neither argued below nor demonstrated on appeal that the transcript was inaccurate. To warrant reversal, appellant must show prejudice; however, we again caution against the introduction of transcripts where tape recordings are admitted into evidence.
Accordingly, appellant's conviction is affirmed.
AFFIRMED.
LETTS and GARRETT, JJ., concur.