541 So.2d 767 (1989)
Karen MATSON, Appellant,
v.
WILCO OFFICE SUPPLY AND EQUIPMENT COMPANY, a Florida Corporation, Appellee.
No. 88-1410.
District Court of Appeal of Florida, First District.
April 14, 1989.
*768 Michael J. Korn, of Christian, Prom, Korn & Zehmer, P.A., Jacksonville, for appellant.
Michael J. Obringer, of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for appellee.
PER CURIAM.
This appeal involves the use of videotaped depositions in court proceedings. The underlying suit was commenced by Matson against Wilco Office Supply (Wilco) for personal injuries arising from an automobile accident. During the discovery proceedings in the trial court, Matson took a videotaped deposition of Dr. Phillip Hardy, a videotaped deposition of Dr. Stephen Brenneke and a second, stenographic deposition of Dr. Hardy.
During the trial court proceedings, both the videotaped depositions were played in their entirety to the jury.[1] The trial court instructed the court reporter that it was not necessary to transcribe the videotaped depositions. The court did instruct the court reporter to record any objections that were made. During the defense presentation, counsel for Wilco read from the stenographic deposition of Dr. Hardy. Following a jury verdict which found that Matson had suffered no permanent injury, she appealed.
On appeal, Matson filed in this court a notice of supplying depositions used at trial. In the notice, Matson stated that the videotaped depositions were played to the jury and relied on by the court, however, they were not transcribed by the court reporter. Matson supplied "true and correct copies" of transcripts from both the videotaped depositions and the stenographic deposition of Dr. Hardy. Matson attached complete transcripts of all three depositions to the notice. In response, thereto, Wilco filed a motion seeking an order from this court declining to file the depositions and striking the initial brief. Wilco alleged the deposition transcripts were never filed with the trial court nor admitted into evidence, therefore, they were not a part of the record on appeal. As Matson's initial brief cited heavily to the transcripts from the three depositions, Wilco argued that the brief should be stricken.
The record on appeal has been received in this court. That record does not contain the videotapes from the depositions of Dr. Hardy and Dr. Brenneke nor the complete transcripts from the three depositions. Evidently, they were never submitted to the trial court.
Rule 9.200(a)(1), Florida Rules of Appellate Procedure, states that the record on appeal shall "consist of the original documents, exhibits and transcripts of proceedings, if any, filed in the lower tribunal... ." As it appears the videotapes were never filed with the trial court, the videotapes were not included in the record on appeal. It also appears that the trial court was not supplied with the transcripts of the videotaped depositions, therefore, they were not considered part of the record on appeal. As to the stenographic deposition of Dr. Hardy, portions of it were read into the record but the transcript of that *769 deposition was not admitted into evidence, therefore it too was not considered a part of the record on appeal.
Rule 1.310(b)(4), Florida Rules of Civil Procedure, provides that upon motion, a court shall order that the testimony at a deposition be recorded on videotape. This use of technology in court proceedings brings new issues to the judicial system. When a videotaped deposition is played in the trial court, it is evidence adduced at trial. What the jury saw and heard should be made a part of the record on appeal and no more. In order to avoid the problem created in this case, when a videotape is played in the trial court, the court reporter should not cease reporting but continue so that a stenographic record is made of the evidence being presented to the court. When the videotape has ended, counsel should submit it to the court as an exhibit. This procedure will help to prevent similar problems in future appeals.
The motion to strike is granted as the initial brief contains references to matters outside the record on appeal. This disposition, however, is without prejudice to Matson's right to supplement the record on appeal pursuant to Rule 9.200(b)(4), Florida Rules of Appellate Procedure. Because the videotapes were not admitted into evidence but were simply viewed by the jury, and because the trial court directed the court reporter not to incorporate their testimonial content into the record, jurisdiction is relinquished to the trial court for 30 days to allow the parties to settle and obtain the trial court's approval of a statement of the evidence in whatever form the court may find permissible under the cited rule.
SHIVERS, WENTWORTH and MINER, JJ., concur.
NOTES
[1] Because the videotapes were played in their entirety to the jury, this court will not have to consider the problems created when only a portion of the videotape is played and there is no simultaneous transcription made.