## SGOUROS v STATE OF FLORIDA

Case No. 87-0018AC10

Seventeenth Judicial Circuit, Broward County

May 7, 1990

### APPEARANCES OF COUNSEL

Noel Pelella, Esquire, Alan T. Lipson, Esquire, Essen & Essen, P.A., for appellant.

Carolyn V. McCann, Esquire, Assistant State Attorney, for appellee.

### OPINION OF THE COURT

RUSSELL E. SEAY, JR., Circuit Judge.

THIS CAUSE comes before the court upon the appeal of a convic-

tion entered against Appellant, Father Alexander Sgouros, who was found guilty on one of four counts of battery upon his former secretary Rosina Bove. Appellant was sentenced to sixty days in jail with fifty days suspended. On appeal, appellant raises three issues upon which to overturn the adjudication of guilt.

The first issue deals with the admissibility of an audio tape recording of the battery incident made by Ms. Bove without appellant's knowledge or consent. The tape recording was admitted into evidence over appellant's objections and was used as evidence in support of count IV for which the appellant was ultimately convicted.

The second issue questions the admissibility of the rebuttal testimony of two former secretaries who testified as to similar incidents involving the appellant. The trial judge had originally found this type of evidence inadmissible Williams rule testimony. However, during cross examination, appellant denied touching any of his previous secretaries against their will and the trial judge determined that this opened the door to rebuttal testimony.

The third issue addresses the admissibility of the tape recording due to its alleged inaudibility and whether a transcript of the recording should have been shown to the jury.

## I. *Admissibility of tape recording under Florida Security of Communications Act.*

On the morning of August 19, 1986, Ms. Bove arrived to work at the church and met the cleaning lady, Frida Vythouklas. Ms. Vythouklas volunteered to hide in the office closet to observe any wrongdoing by the appellant. When the appellant arrived, he signed some papers on Ms. Bove's desk and then proceeded to touch Ms. Bove. Both Ms. Vythouklas and Ms. Bove testified as to what they saw and heard. Ms. Bove had also recorded the incident with an audio tape recorder without the consent or knowledge of the appellant. This recording was admitted into evidence over the objections of appellant.

Appellant contends that the recording was a violation of § 934.03, Florida Statutes (1985) which prohibits the interception of certain oral communications. If the recording did in fact violate the statute, the tape is inadmissible under section 934.06. The state relies primarily on the supreme court case of *State v Inciarrano,* 473 So.2d 1272 (Fla. 1985), where the defendant went to the office of the victim and murdered him. The victim recorded their conversation and the sounds of the shooting. The court focused on the definition of oral communication in § 934.02(2) in allowing the introduction of the tape recording

into evidence.[1] The court stated that "[t]he statute protects only those 'oral communications' uttered by a person exhibiting an expectation of privacy under circumstances reasonably justifying such an expectation." *Id.* at 1275. Such an expectation of privacy "depends upon one's actual subjective expectation of privacy as well as whether society is prepared to recognize this expectation as reasonable." *Id.* The supreme court, citing the district court, stated that at the moment the defendant decided to murder the victim, he became a trespasser and had no further right upon the premises. *Id.* at 1275-6. Thus, the court held that the appellant did not have a reasonable expectation of privacy and the exclusionary rule of section 934.06 did not apply. *Id.* at 1276.

The instant case is controlled by *Inciarrano.* Once the appellant decided to commit a battery, his expectation of privacy dissolved and there was no oral communication as defined by section 934.02(2). Thus, the recording falls outside the purview of the act and is admissible at trial.

## II. *Introduction of Williams rule evidence.*

Prior to the trial of this cause, the trial court ruled that evidence of the appellant rubbing his hand up and down the arm of a previous secretary was inadmissible Williams rule evidence. On cross examination, the prosecutor asked the appellant whether he had ever touched any of his previous secretaries. Defense counsel objected and then withdrew the objection. The prosecutor then asked the appellant whether he had ever touched any of his secretaries against their will. The appellant denied doing so and defense counsel moved for a mistrial based on a Williams rule violation. The trial judge denied the motion for mistrial because the defense counsel had waived any complaint by withdrawing the objection. Thus, the prosecutor presented the rebuttal testimony of two of the appellant's previous secretaries. One former secretary testified that the appellant touched her in an unusual way and the other testified that the appellant had outbursts of temper and pounded her desk.

Although the appellant was late in objecting to the question, that does not preclude review of the matter. Appellant correctly cites a number of cases which hold that an objection and motion for mistrial

---

[1] The question of whether the instant case involves an interception of an oral communication as defined in chapter 934 will not be addressed here. The supreme court case of *State v Tsavaris,* 394 So.2d 418 (Fla. 1981) answers the question affirmatively. Although *Inciarrano* leaves a doubt as to the future validity of *Tsavaris,* this is because of the issue of expectation of privacy rather than the question of whether there was an interception of an oral communication.

is contemporaneous if made soon after the objectionable question is asked and answered. *Johnson v State,* 497 So.2d 863, 868-9 (Fla. 1986) (objection and motion for mistrial made after four additional questions had been asked and answered); *McIntosh v State,* 424 So.2d 147, 147-8 (Fla. 4th DCA 1982) (motion for mistrial made a few moments after objectionable question and answer). The objection and motion for mistrial in the instant case is contemporaneous since it was made immediately after the objectionable question was asked and answered. The cases cited by the state are distinguishable since those cases involve situations where the initial objection was withdrawn and no subsequent objections were made. *See Farmer v State,* 316 So.2d 32, 33 (Fla. 4th DCA 1976); *Baldwin v State,* 432 So.2d 626, 627 (Fla. 3d DCA 1983).

Given that the objection preserved the issue for appeal, the next question becomes whether the rebuttal testimony was properly admitted. Even assuming that such rebuttal testimony was improperly admitted, the error was harmless error. The subject testimony was merely an incidental aspect of the trial and could only have played a minor role in the case. The fact that the appellant touched a previous secretary's arm or had outbursts of anger did not provide much evidence for the jury to consider. The testimony of the victim and Ms. Vythouklas, who witnessed the incident, was more than sufficient to support a conviction.

III. *Introduction of tape recording and transcript of tape recording.*

A. *Admissibility of partially inaudible tape recording*

The trial court admitted into evidence an audio tape recording made by Ms. Bove of the August 19, 1986 incident with the appellant. The appellant was convicted only on count IV as to which the tape recording was admitted into evidence. It is within the trial court's discretion to decide whether to admit a partially inaudible tape. *Herrera v State,* 532 So.2d 54, 56 (Fla. 3d DCA 1988). "Partial inaudibility or unintelligibility is not a ground for excluding a recording if the audible parts are relevant, authenticated, and otherwise properly admissible." *Odom v State,* 403 So.2d 936, 940 (Fla. 1981), *cert. denied,* 456 U.S. 925 (1982). *See also, Edwards v State,* 529 So.2d 1213, 1214 (Fla. 4th DCA 1988). The tape was not the sole evidence as to count IV. Father Sgouros, Ms. Bove, and Ms. Vythouklas testified as to the incident. Thus, the inaudible portions of the tape do not take on a significant role. *Edwards v State,* 529 So.2d at 1214.

The tape was reviewed in camera by the trial judge and was played for the jury in open court. In both instances the court reporter

transcribed what was played. The record is substantially the same and contains relevant evidence. Thus, the appellant has not shown that the trial court abused its discretion in admitting the partially inaudible audio tape.

B. *Admission into evidence of a transcript of the tape recording*

Appellant argues that the trial court erred in admitting into evidence and submitting to the jury a transcript of the tape recording. The Fourth District Court of Appeal has cautioned trial courts against admitting transcripts where the tape recording is admitted into evidence, especially where there is a dispute as to the contents. *Wells v State*, 540 So. 2d 250, 253 (Fla. 4th DCA 1989); *Stanley v State*, 451 So.2d 897, 898 (Fla. 4th DCA 1984). Although the admission in the present case was error, it was harmless error. The two transcriptions and the version of the appellant's expert witness are substantially similar. Thus, reversible error was not committed.

ACCORDINGLY, the judgment of the lower court is AFFIRMED.

DONE AND ORDERED this 7th day of May, 1990, in chambers, at Broward County, Fort Lauderdale, Florida.