632 So.2d 1099 (1994)
Irvin LAWRENCE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2086.
District Court of Appeal of Florida, First District.
March 2, 1994.
Nancy A. Daniels, Public Defender, and Carl S. McGinnis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Asst. Atty. Gen., Tallahassee, for appellee.
ORDER ON APPELLANT'S MOTION TO SUPPLEMENT THE RECORD AND COURT REPORTER'S REQUEST FOR RECONSIDERATION
PER CURIAM.
In this direct criminal appeal Irvin Lawrence, through counsel, previously moved to supplement the record on appeal. It was shown that the prosecution introduced into evidence six audio tapes and played them in the presence of the jury. The defense also introduced an audio tape into evidence and it was played during the trial. In each instance, however, the court reporter reported and transcribed the beginning portions of the tape but did not report or transcribe the balance of the tape. Counsel for appellant advised this court that it is the practice of the court reporters in the Eighth Judicial Circuit not to report audio tapes or video tapes played at trial. This is apparently in contrast to the practice in the other circuits within this appellate district. Relying on Matson v. Wilco Office Supply and Equipment Co., 541 So.2d 767 (Fla. 1st DCA 1989), counsel for appellant argued that the court reporter should have made a record of the tape recording and asked this court for leave to supplement the record with a subsequently made transcript. The motion was granted by unpublished order.
*1100 After issuance of this order, Virginia D. Johns, as Official Court Reporter for the Eighth Judicial Circuit, requested reconsideration and suggested that the Matson decision should also be reconsidered by this court. It was argued that the court reporter's function is to memorialize testimony. The contents of a tape recording, according to the court reporter, is already memorialized. It is suggested that the proper procedure is for trial counsel to file all video and audio tapes played with the jury. A good quality audio tape cannot be reported stenographically with the same degree of accuracy as live testimony and very few, if any, of the tapes played at trial are of good quality. The court reporter suggests it would be inappropriate to listen to the tape after trial in order to report it because the jury hears the tape only once. Wells v. State, 540 So.2d 250 (Fla. 4th DCA), review denied, 547 So.2d 1212 (Fla. 1989) and Stanley v. State, 451 So.2d 897 (Fla. 4th DCA 1984) are relied upon for the proposition that content of tapes should be left for the jury to evaluate, rather than a transcriber.
This court heard oral argument on this matter and the court reporter declined an invitation to appear and be heard. Counsel for appellant and appellee are in agreement that court reporters should be directed to report and transcribe the contents of tapes played at trial.
We agree with the position of the Public Defender and the Attorney General. Section 29.02, Florida Statutes, provides:
The Official Court Reporter shall, upon request of the presiding judge, or that of the State Attorney or Defendant, report the testimony and proceedings, with objections made, the ruling of the court, the exceptions taken and oral or written charges of the court in the trial of any criminal case in the Circuit Court ...
Further, section 29.06, Florida Statutes, provides that the report of the official court reporter shall be prima facie a correct statement of such testimony and proceedings. Florida Rule of Judicial Administration 2.070(a) provides that all criminal proceedings shall be reported. According to subdivision (b) of the rule:
When trial proceedings are being reported, no part of the proceedings shall be omitted unless all of the parties agree to do so and the court approves of the agreement.
Further subdivision (h) of the same rule provides that the court reporter is an officer of the court and shall comply with all applicable rules and statutes. Unless the content of a tape played in open court is not a part of "the proceedings" we must conclude that the court reporter is obligated to make a good faith effort to report the tape when played to the jury and later transcribe it. Obviously, the playing of the tape and what is heard by the jury are clearly part of trial proceedings.
The Wells and Stanley opinions hold that it is improper for counsel to have a transcript of a tape prepared in advance and distributed to the jury so that jurors can look at the transcript while they listen to the tape. We agree that this practice is improper but this has no bearing on the question presented here.
We would note that in the instant case, there is no issue concerning the audibility of the tape. Both the state and the public defender agreed that audibility was not at issue, and transcriptions were only being sought to facilitate the appellate process.
Finally, while the court reporter is obligated to make a good faith effort to report a tape when played to the jury and later transcribe it, this does not mean that the court reporter's transcription constitutes evidence of a tape's contents, or that the court reporter's inability to report a tape constitutes evidence regarding the tape's audibility. Rather, the tape, itself, remains the best evidence of its audibility and contents.
The request for reconsideration is DENIED.
ZEHMER, C.J., and MINER and WOLF, JJ., concur.