642 So.2d 1137 (1994)
John MACHT, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3274.
District Court of Appeal of Florida, Fourth District.
September 21, 1994.
*1138 Richard L. Jorandby, Public Defender, and Mallorye G. Cunningham, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen. Tallahassee, and Ettie Feistmann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's conviction and sentence.
The specific error claimed here is that the trial court allowed the jury to view a transcript  which was not "properly authenticated"  of a tape recording introduced into evidence. Although this issue was not raised at trial, we wish to address it because other courts continue to cite our decision in Stanley v. State, 451 So.2d 897 (Fla. 4th DCA 1984), for the proposition that trial courts should not allow the use of transcripts of tapes when the tapes have been introduced into evidence.
We believe Hill v. State, 549 So.2d 179, 182 (Fla. 1989), supersedes the relevant language in Stanley and authorizes a jury to view an accurate transcript of an admitted tape recording as an aid in understanding the tape so long as the unadmitted transcript does not go back to the jury room or become a focal point of the trial.
Here, the arresting officer, who made the admitted tape, testified that the transcript accurately described his conversation with appellant which the officer had recorded commencing with the time he pulled over appellant's car. Appellant's contention that "proper authentication" requires the testimony of the individual who actually prepared the transcript or of an expert to testify that the transcript was accurate is not persuasive in light of the officer's testimony.[1]
Further, the trial court permitted the jury to read along on the transcript while the tape played, but advised the jury, "This transcript is not admitted and won't be admitted into evidence. The evidence is what's on the tape recording. If there's a conflict between what the transcript says and what you hear the tape says[,] the evidence is the tape, not the transcript and if you're  if you hear a conflict[,] what's on the tape is what the evidence is. So we'll pass [the transcript] out *1139 and after the tape is played we'll collect these and these will not be in evidence and will not go back into the jury room with you." The transcripts were collected immediately after the playing of the tape, which occupied only three pages of the trial transcript on record.
GLICKSTEIN and STEVENSON, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] In Grimes v. State, 244 So.2d 130, 134-35 (Fla. 1971), the trial court permitted an unadmitted transcript of a tape recorded statement to be published to the jury after the officer who took the statement testified that he had reviewed the recording and that the transcript accurately reproduced the contents of the recording. The supreme court explained that the transcript had been properly authenticated by the officer's testimony. "[The officer] was present when the recorded statement was taken and, in fact, took the recorded statement. In other words, the transcription was properly authenticated by the person who took the statement and who verified that the transcript was the same evidence as the recording." Id. at 135. This language of the supreme court suggests that the testimony of the transcriber himself is not essential. Rather, the testimony of one who verified the transcript's accuracy sufficed. Although Grimes differs from the present case in that apparently the tape recording was not admitted into evidence in Grimes, this difference does not change the analysis of the method by which an unadmitted transcript must be authenticated before its use as an aid in understanding a tape recording as it is played for the jury. See also Harris v. State, 619 So.2d 340, 343 (Fla. 1st DCA 1993) (authentication satisfied by one with personal knowledge of contents of tape recording).