643 So.2d 1134 (1994)
Janet TRAVIESO, Appellant,
v.
James Joseph GOLDEN, Appellee.
No. 93-0359.
District Court of Appeal of Florida, Fourth District.
September 21, 1994.
Rehearing Denied November 3, 1994.
*1135 Michael B. Small and Lisa Small of Small, Small & Small, P.A., Palm Beach, for appellant.
Lillian W. Conrad and Thomas A. Conrad of Heller & Conrad, P.A., Hollywood, for appellee.
WARNER, Judge.
This appellant has tried her personal injury case twice. She contends on appeal that after the first trial, in which she was awarded $71,500 for future medical expenses and future lost earning capacity despite the jury's finding that she suffered no permanent injury as a result of the accident in question, the trial court erred in relying on Josephson v. Bowers, 595 So.2d 1045 (Fla. 4th DCA 1992), in granting a new trial on damages only. After the second trial in which the jury also determined that she had not suffered a permanent injury and awarded $5,834 in past lost medical expenses and lost earnings, she contends that the trial court erred in rulings relating to jury selection, the denial of a mistrial based upon the introduction of prejudicial evidence, and failure to grant a new trial or a judgment notwithstanding the verdict on the issue of permanency based upon what she contends was the undisputed evidence on the issue. Because we have not been furnished with a complete transcript from which to assess these points, we affirm.
Even if we were to agree that Josephson v. Bowers is in error in requiring a finding of permanency before a plaintiff is entitled to request any award of future medical expenses or future lost earnings, that does not entitle appellant to the reinstatement of the first verdict. Both parties moved for a new trial following the first jury verdict. The appellant was dissatisfied with the jury's finding of no permanency and the consequent failure to award pain and suffering damages; the appellee was aggrieved with the large award of future medical expenses and lost earning capacity despite the finding of no permanency. The trial court granted the new trial, and both the issues of permanency and damages were submitted to the second jury. The appellant cannot request relief from the verdict, get relief, and then when the second verdict does not meet her expectations, request the reinstatement of the first verdict. See Martinez v. Pereira, 431 So.2d 326 (Fla. 3d DCA 1983); Sonson v. Nelson, 357 So.2d 747 (Fla. 3d DCA 1978), overruled on other grounds, 538 So.2d 454 (Fla. 1989); Holmes v. School Bd. of Orange County, 301 So.2d 145 (Fla. 4th DCA 1974).
As to the errors in the second trial, we likewise affirm. First, appellant has not furnished us with a transcript of the trial from which we can determine the merit of these points. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979). However, appellant's claim that the jury was not free to reject the testimony of the doctors with respect to the issue of permanency lacks merit where there is evidence that appellant may not have accurately reported her medical history or present condition. See Easkold v. Rhodes, 614 So.2d 495 (Fla. 1993). We reject the claims of error regarding juror comments on voir dire. See Fazzolari v. City of West Palm Beach, 608 So.2d 927, 928 (Fla. 4th DCA 1992), rev. denied, 620 So.2d 760 (Fla. 1993). The remaining issue requires a full transcript to assess its merits, which appellant has not provided.
*1136 Finally, we are compelled to comment on one other matter about the state of this record. Appellant submitted nine videotapes of deposition testimony as part of the record without any accompanying transcripts. We note our disapproval of this procedure as a substitute for the presentation of a full transcript on appeal. We adopt the comments of the First District which has addressed this record deficiency in Matson v. Wilco Office Supply & Equipment Co., 541 So.2d 767 (Fla. 1st DCA 1989):
[w]hen a videotaped deposition is played in the trial court, it is evidence adduced at trial. What the jury saw and heard should be made a part of the record on appeal and no more. In order to avoid the problem created in this case, when a videotape is played in the trial court, the court reporter should not cease reporting but continue so that a stenographic record is made of the evidence being presented to the court. When the videotape has ended, counsel should submit it to the court as an exhibit. This procedure will help to prevent similar problems in future appeals.
Id. at 769.
The use of videotapes on appeal in lieu of a written transcript is not authorized by any rule and would be counterproductive to efficient review by the court. We judges can digest a transcript covering a day's worth of trial with far more dispatch than we can watch the same events unfold on eight hours of videotape. While video may eventually provide useful supplements to a written record, efficient use of appellate court time requires the submission of a written transcript of trial proceedings.
Affirmed.
GUNTHER and POLEN, JJ., concur.