ON MOTION FOR REHEARING

ON MOTION TO TRANSCRIBE TAPE RECORDED STATEMENTS ADMITTED DURING TRIAL

WARNER, C.J.
We withdraw our previously filed opinion and substitute the following opinion in its place.
The Public Defender of the Fifteenth Circuit, appellant’s attorney, has requested that this court order the transcription of taped statements played during trial which were not reported, and thus not transcribed, by the court reporter. We requested responses from the state attorney, public defender, and Chief Judge of the Seventeenth Circuit regarding the practices employed in that circuit, and each has filed a response. In addition, while this motion was pending, the supreme court addressed the issue of taped statements played during trial in Martinez v. State, 761 So.2d 1074 (Fla.2000), which has bearing on this issue. We grant the motion in part.
The motion of the public defender provides the following statement of facts on the transcript issue:
This is an appeal from a conviction for second degree murder and a sentence of 300 months (25 years) imprisonment. During the course of appellant’s trial, a tape recorded statement by appellant to Detective Palmer was admitted into evidence and played for the jury commencing at page 368 of the record. However, the court reporter did not provide a transcript of that portion of the proceedings as the tape was played for the jury. There were objections during the playing of the tape recording relating to certain inadmissible evidence and the court’s prior ruling granting a motion in limine excluding certain areas of evidence. Although the court reporter’s transcript shows the objections that were made during the playing of state’s exhibit 4, various other remarks and a recess in the proceedings, the court reporter has not provided a transcript of state’s exhibit 4 as it was played for the jury. There is no other transcript of the state’s exhibit 4 admitted into evidence.' The court reporter was required to take down everything that was heard during the course of the trial because otherwise the parties cannot tell to what and when *96 during the playing of the tape the objections were registered.
In addition, the court reporter recorded that the jury was polled, but did not transcribe the jury poll and their responses. The public defender notes that this is a common occurrence in the Seventeenth Circuit, and the state attorney and public defender routinely agree to excuse the court reporter from having to transcribe taped statements as they are played in open court. Then, when a transcript of the proceedings is ordered for purposes of appeal, the court reporter fails to obtain the tape and transcribe the same. A motion to supplement the record with a transcript of the taped statement is then required, routinely delaying appeals while the supplemental transcript is prepared.
The Office of the Public Defender of the Seventeenth Circuit responds that it has conducted training sessions with its trial attorneys and instructed them to request that the court reporter transcribe tape recordings played during hearings or trials. On the other hand, the State Attorney of the Seventeenth Circuit asserts that whether the content of an audio or video tape published to a jury is reported is determined on a case by case basis. Many times the state attorney and public defender agree that the tape is not to be reported, which they contend is consistent with rule 2.070(c) of the Florida Rules of Judicial Administration.
On behalf of the criminal bench of the Seventeenth Circuit, the Chief Judge’s response indicates that there is no practice of ordering court reporters not to transcribe tapes but that a majority of judges do allow court reporters not to report tapes, provided that both the defense and state agree. The Chief Judge notes some practical considerations with having a court reporter reporting each tape as it is played in open court: (1) tapes are often inaudible and difficult to transcribe in the courtroom, and a more accurate transcription can be made by a court reporter in the privacy of his or her office or home;[1] (2) transcription during trial slows the trial process; (3) requiring a court reporter to transcribe a tape during trial may invite an inaccurate transcript and thus raise an artificial ground for appeal; (4) by allowing a court reporter a break from transcribing a tape, it keeps the court reporter fresh for the remainder of the trial, increasing accuracy of the court reporter.
The Chief Judge also offers the following suggestions. Usually the defendant, through discovery, has the opportunity to receive a tape prior to trial and could agree with the state and the court to enter a transcript into the record at trial. Any issues concerning irregularities could be addressed by the court prior to trial; then the transcript would already be part of the record for appeal. Second, the public defender should take the responsibility of identifying in designations on appeal the fact that a tape was played and must be recorded, thus speeding the transcription process for appeal.
We appreciate the common sense proposals of the Chief Judge. However, Martinez, recently decided by the supreme court, suggests a different response. In that case, a transcript was made of a tape prior to trial and given to the jury to follow as the tape was played. The court established the proper procedures to be followed for use of transcripts at trial. In connection with Martinez’s claim that the transcript used by the jury at trial included many inaudible portions, the court noted that in the transcript of the proceedings the court reporter simply notes portions of *97 the tape as “inaudible.” The court observed that:
the fact that the court reporter did not transcribe all of the portions that appeared on the transcript does not establish that those portions transcribed are in fact inaudible. Rather, it may simply show that from the court reporter’s vantage point, portions of the recording were too difficult to hear to be able to simultaneously record them. While the court reporter is required to transcribe the contents of the tapes as they are played at trial, the court reporter’s transcript of the tape does not establish the inaccuracy of the transcript or the tape’s audibility. See Lawrence v. State, 632 So.2d 1099 (Fla. 1st DCA 1994).
Id. at 1087 (emphasis added).
The court’s citation to Lawrence is instructive. In Lawrence, as in this case, the court reporter did not transcribe the tape played for the jury. The court pointed to rule 2.070(b) of the Florida Rules of Judicial Administration as requiring transcription. That rule provides:
(b) When Reporting Required. All criminal and juvenile proceedings, and any other judicial proceedings required by law or court rule to be reported at public expense, shall be reported.
(Emphasis added). The court concluded that the rule required the reporting of the tape when played in court:
[ujnless the content of a tape played in open court is not a part of “the proceedings” we must conclude that the court reporter is obligated to make a good faith effort to report the tape when played to the jury and later transcribe it. Obviously, the playing of the tape and what is heard by the jury are clearly part of trial proceedings.
Id. at 1100. The court further noted that:
while the court reporter is obligated to make a good faith effort to report a tape when played to the jury and later transcribe it, this does not mean that the court reporter’s transcription constitutes evidence of a tape’s contents, or that the court reporter’s inability to report a tape constitutes evidence regarding the tape’s audibility. Rather, the tape, itself, remains the best evidence of its audibility and contents.

Id.

Just recently, the second district cited to Lawrence’s requirement that the court reporter was obligated to transcribe tapes played during trial. See Chavers v. State, 775 So.2d 328 (Fla. 2d DCA 2000). The court wrote on the issue “to remind trial courts and court reporters of the serious obligation for a complete record of criminal proceedings.” Id. at 328.
The state’s response to our show cause order maintains that the parties can enter into an agreement to relieve the court reporter of the duty to report a tape played during trial, relying on rule 2.070(c) which provides:
Record. When trial proceedings are being reported, no part of the proceedings shall be omitted unless all of the parties agree to do so and the court approves the agreement.
The supreme court’s statement in Martinez that the court reporter is required to transcribe the contents of tapes as they are played at trial and its reliance on Lau/rence makes clear that Rule 2.070(c) is not intended to permit lawyers to waive transcription of proceedings unless those proceedings are to be omitted from the record. In agreeing to allow the court reporter not to transcribe the tape as played in open court, the parties are not really agreeing to omit the tape from the proceedings (such as they would with an “off the record” discussion). Instead, they are substituting the tape itself for the *98 court reporter’s transcription of its contents. Martinez instructs that such tapes are required to be reported and transcribed. Not to report a tape as it is played in court may be fraught with dangers. For instance, in the present case, there were several objections made during the playing of the tape. Without the reporting of the tape as the objections are being made, the objections may not be placed in context. As was noted in Jackson v. State, 723 So.2d 319 (Fla. 2d DCA 1998), such an omission could require reversal if the proceedings could not be adequately reconstructed for appeal in a particular case.
Indeed, in the instant case that issue exists. Although the tape has subsequently been transcribed, it was not transcribed by the in-court reporter but by someone else. The objections and rulings thereon are not contained in the supplemental record. ' In addition, the jury poll has not been transcribed.
Heretofore, the parties in Broward County have stipulated to waiving the in-court transcription of tapes. For trials in which this has occurred, such an agreement cannot be interpreted as allowing the tape to be eliminated as part of the official proceedings. To the contrary, the tape takes the place of the court reporter’s own reporting of the proceedings, and it is merely a convenience and courtesy to the court reporter. Therefore, upon appeal of those proceedings, the court reporter is obligated to transcribe the tape as part of the appellate transcript. See Fla.R.App.P. 9.200(b). There is no need for the appellant to specifically request the transcription of a tape played during proceedings because the court reporter is required to transcribe all proceedings. See Martinez, 761 So.2d at 1087. Thus, the court reporter is charged with obtaining the tape and transcribing it into the appellate transcript.
In such trials where tapes played during proceedings were not reported, by this order, we direct that the court reporter who reported the trial is responsible for transcribing the tape when transcribing the rest of the trial proceedings. By copy of this order to the official reporting agencies in Broward County, we direct them to inform their reporters of this requirement for transcripts prepared after the date of this opinion.
With respect to reporting tapes in trials after the date of this opinion, in its response to the Public Defender’s motion for rehearing of our original order, the state now agrees that to be consistent with Martinez and Lawrence this court should require that the court reporter is obligated to make a good faith effort to report the tape as it is being played to the jury and to transcribe it later. We agree and so direct the court reporters to report the tapes as they are being played. We thus harmonize our ruling with the other courts who have addressed this issue.
We acknowledge the concerns of the Chief Judge who indicates that reporting of these tapes might slow down trials and lead to inaccurate transcription. However, we now conclude that the rule and Martinez require this result. Any change that allows a court reporter not to report the proceedings must be made by rule or by opinion of the supreme court.
As to the jury polling, it too is part of the reporting of the proceedings which must be accurately reported, particularly in a criminal case. Court reporters are hereby put on notice that it is their duty to record the actual polling, not merely to note that it occurred.
The motion is granted in accordance with the terms of this opinion. In addi *99 tion, this proceeding is relinquished to the trial court for a period of thirty days in which to reconstruct the tape transcript and include any objections and rulings thereon. If the record cannot be reconstructed on a material point, the court may be required to consider reversing this case for a new trial. See Delap v. State, 350 So.2d 462 (Fla.1977). Extensions of relinquishment will not be considered except for unavailability of the trial judge because this proceeding has already been delayed for fifteen months in the efforts to secure an accurate transcript. At some point, the delay in obtaining the transcript presents a due process issue.
DELL and FARMER, JJ., concur.

. We too share this concern.