EMAS, J.
Fermín Nunez appeals his conviction of, and sentence for, one count of sexual battery on a person less than twelve years old and one count of lewd and lascivious molestation on a person less than twelve years old. We reverse, because the trial court provided to the jury, during its deliberations, an unredacted forensic interview of the victim, after the court had properly excluded portions of that recorded interview pursuant to a pretrial motion in li-mine.
The facts pertinent to the issue on appeal establish the following:
On July 9, 2010, the five-year-old victim, A.B. was playing video games with his step-grandfather, Fermín Nunez (“Nunez”), in Nunez’s upstairs bedroom. A.B.’s mother and father were at the hospital because A.B.’s father had undergone, and was recovering from, surgery. A.B.’s father was in the hospital for four days, and A.B.’s mother stayed at the hospital to take care of A.B.’s father. Soon thereafter, A.B. confided to his mother that Nunez “touched [A.B.’s] pee-pee,” and “[put] his fingers in [A.B.’s] behind.” Nunez was arrested.
On July 15, 2010, A.B. was taken for a forensic interview at the Kristi House. The forensic interview was recorded onto a DVD, and it is the presentation of the DVD during trial, and during jury deliberations, which forms the basis for this appeal.
The State charged Nunez with one count of sexual battery on a victim under twelve years of age (by digital penetration of the anus), and one count of lewd and lascivious molestation on a child under twelve years of age (by touching the genitals or genital area). Both offenses were alleged to have occurred on July 9, 2010.
Prior to trial, the court considered and ruled upon a motion in limine filed *892 by Nunez.[1] This motion sought to exclude portions of the testimony of A.B.’s mother,[2] as well as portions of the recorded forensic interview of A.B. As to the forensic interview, the defense sought to exclude the following portions.of the interview,[3] alleging that A.B.’s statements referred to collateral crimes or offenses not charged in the information:
1. After A.B. described the specific acts by Nunez on the day in question, A.B. was asked how many times this had happened. A.B. answered: “Every time when my dad was in the hospital.” [4]
2. A.B. was asked how many times Nunez put his finger in A.B.’s butt. A.B. answered: “Every time my mom and dad were in the hospital.”
B. When A.B. was asked if Nunez touched his butt more than one time, A.B. answered: “Yes, three times. Five times.”
The trial court granted this motion in limine and excluded these portions of the recorded interview from trial.[5] During trial, the State introduced a DVD of the recorded forensic interview and began to play it for the jury. However, the DVD had not been redacted. When defense counsel began to hear that portion of the interview which had been excluded by the trial court’s order in limine, he objected and spoke loudly over the DVD audio in an attempt to prevent the jury from hearing the portions which had been excluded. The trial court stopped the DVD, sustained the objection, and directed the State to “[s]kip over that section” of the DVD. The judge excused the jury and, when the jury returned, the remaining portion of the DVD was played.[6],[7]
*893 During deliberations, the jury sent a written question to the court, which read:
We would like to view the DVD video of the child’s interview, including every second of video we were shown. We realize that some video was edited for us not to see. Please provide instruction on how we are to use the DVD in review.
The trial court sent the DVD into the jury room, with a written response advising the jury: ‘You are to view the entire interview, without any regard to any in court objections that were placed on the record.” Defense counsel objected to the court permitting the jury to view the entire unredacted DVD.[8] The trial court committed reversible error in permitting the jury to view the entire, unredacted forensic interview of A.B., and this error was not harmless.
We reverse the conviction and sentence and remand for a new trial.

. Although not relevant to our decision, there was a second motion in limine which sought to prohibit the pediatrician from testifying to what A.B. told him during the examination. This motion was denied and that testimony was allowed.

. A.B.’s mother stated that A.B. told her Nunez "used to do oral sex to him.” The trial court excluded the testimony, and no such testimony was elicited from the mother during trial.

. The defendant does not appeal the trial court’s pretrial determination that the recorded interview was admissible pursuant to section 90.803(23), Florida Statutes (2010).

. As indicated earlier, the evidence at trial established that A.B.’s father and mother were in the hospital for four days.

. The State did not file or serve a notice of its intent to rely upon other crimes, wrongs or acts, pursuant to section 90.404(2)(d), Florida Statutes (2010), which requires that “no fewer than 10 days before trial, the state shall furnish to the defendant or to the defendant's counsel a written statement of the acts or offenses it intends to offer, describing them with the particularity required of an indictment or information.”

.The State contends that, after the jury was excused, a discussion followed in which the trial court either clarified or reversed its decision regarding the exclusion of portions of the recorded interview, and determined that those portions were in fact admissible. The State contends that these portions were played for the jury upon its return to the courtroom. The defense contends that these portions were not played for the jury and the jury considered this evidence, for the first time, when the trial court sent the unredacted DVD back to the jury room during deliberations. The transcript is entirely unclear on this issue, given that the court reporter did not transcribe the audio portion of the DVD as it was played, making it impossible for this Court to determine precisely what portions were in fact "skipped over” and what portions were actually played for the jury during the trial. See infra note 7. And while we disagree with the State’s interpretation of the proceedings, ultimately it matters not. The singular fact remains that the jury was permitted to consider (either during the trial or in its deliberations) the entire unredacted in *893 terview of A.B., including those portions of the interview in which A.B. said that Nunez committed these acts not only on the one occasion charged in the information but "every time” his father was in the hospital, and also heard A.B. say that Nunez did this to him "three times” or "five times.” The admission of this testimony, whether in violation of the order granting a motion in limine or pursuant to a clarified order denying a motion in li-mine, was objected to and was erroneous, as it constituted evidence of collateral crimes neither charged in the information nor properly noticed and determined to be admissible pursuant to section 90.404(2), Florida Statutes (2010). See Williams v. State, 110 So.2d 654 (Fla. 1959) (establishing the “Williams rule” test, later codified in section 90.404). See also Kopsho v. State, 84 So.3d 204 (Fla.2012) (holding the erroneous admission of Williams rule evidence is presumed harmful and amounts to reversible error); Williams v. State, 662 So.2d 419, 420 (Fla. 3d DCA 1995) (accord). See also Peterson v. State, 2 So.3d 146 (Fla.2009) (setting forth the four determinations a trial court must make before deciding whether to admit collateral crimes evidence). The collateral crimes presented by the unredacted DVD constituted "similar fact” evidence of which the State was required to give proper notice under section 90.404(2)(d). Dorsett v. State, 944 So.2d 1207 (Fla. 3d DCA 2006). Any discussion of the ensuing prejudice, which was both obvious and substantial, is unnecessary.

. Our review in this case was made considerably more difficult by the failure of the trial court to ensure the court reporter transcribed the audio portion of the DVD as it was played to the jury. The trial transcript fails to include any audio portion of the more-than twenty-minute recorded forensic interview. Although this failure did not affect the ultimate outcome of the instant appeal, we take this opportunity to remind trial courts that it is their responsibility to ensure the court reporter makes a good-faith effort to transcribe the audio portion of any recording presented to the jury. See Fla. R. Jud. Admin. 2.535; Martinez v. State, 761 So.2d 1074 (Fla.2000); Greene v. State, 795 So.2d 94 (Fla. 4th DCA 2000); Chavers v. State, 775 So.2d 328 (Fla. 2d DCA 2000).

. The defense failed to object to the trial court’s decision to send the DVD into the jury room, rather than bringing the jury back into the courtroom to view the DVD. Although this issue was not preserved, we take this opportunity to remind the trial courts that sending a videotaped interview of a child victim to the jury room is error. See Young v. State, 645 So.2d 965, 967-68 (Fla.1994) (holding videotaped out-of-court interview of a child victim, introduced into evidence under section 90.803(23), Florida Statutes (2010), is not allowed to go into the jury room during deliberations but trial court may allow jury to view the videotape a second time in open court upon request pursuant to Rule 3.410).